# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Benjamin Cooper,
   Plaintiff

  vs.

John Weztel, Jeanne Welsh, K. Owens,
Tammy Ferguson, K. Sorber, Keri Moore,
RNS M. Savage, Capt. Masselino, Major Gina
Clark, G. Orlando, SCI Phoenix's Medical
Department, Medical Supervisor John/Jane
Doe, Counselor Wentzel, Gerald Kelly, Dr.
John Doe, Melissa Delliponte, D. Bradley,
PA. Dept. of Corrections, **SUED IN THEIR
OFFICIAL AND PRIVATE CAPACITIES**
   Defendants

CIVIL ACTION

NO. _____

42 U.S.C. § 1981, 1983, 1985, 1986

# CIVIL COMPLAINT

## I. INTRODUCTIONS

The Plaintiff files his civil complaint/action against the Defendants in their official and private capacities. The Plaintiff is seeking compensatory, punitive, emotional and retaliatory damages, attorney fees, and all other damages allowed by law.

## II. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to: 28 U.S.C. §§ 1331 and 1334.

2. This Court has supplemental jurisdiction over thia matter pursuant to: 28 U.S.C. § 1367.

3. This Court had jurisdiction over this matter pursuant to: the 8th and 14th Amendments,

Title 4 of the Civil Rights Act of 1964, 42 U.S.C. § 1983, 1985 and 1986, 18 PA.C.S. § 903, 42 PA.C.S. § 8522.

III.   **EXHAUSTION OF ADMINISSTRATIVE REMEDIES**

4.   The Plaintiff has fully exhausted all of his administrative remedies, via PADOC grievance system.

IV.   **PARTIES**

5.   Plaintiff: Benjamin Cooper, Inst. No. GE-0213, is currently located at: SCI - Phoenix, P.O. Box 244, 1200 Mokychic Drive, Collegeville, PA. 19426.

6.   Defendants: John Wetzel, Tammy Ferguson, Keri Moore, Gerald Kelly, PA. Dept. of Corrections are located at: 1920 Technology Pkwy., Mechanicsburg, PA. 17050.

7.   Defendants: K. Owens, Jeanne Welsh, K. Sorber, Deputy Sipple, Major Gina Clark, G. Orlando, Medical Supervisor John/Jane Doe, Counselor Wenztel, Melissa Delliponte, D. Bradley, SCI - Phoenix's medical department, DR. John Doe, Capt. Masselino, RNS M. Savage are currently located at: SCI - Phoenix, P.O. Box 244, 1200 Mokychic Drive, Collegeville, PA. 19426.

V.   **FACTS**

8.   On April 21, 2019, the Plaintiff broke his hand during a scheduled activities event, his hand immediately swelled up, and he went over to the east trauma triage in the medical department for treatment. In the triage the Plaintiff was seen by Nurse Eddie. Nurse Eddie carefully checked the Plaintiff's injury and deemed it broken and swollen and that it was a situation that caused for the Plaintiff to be sent to a outside hospital to get x-rays, an MRI, see a an orthopedic ad recieve the necessary treatment.

9.   Nurse Eddie contacted Defendant Dr. John Doe, the doctor that was on call, to explain the situation and let him know that he was calling an ambulance to take the Plaintiff out. The Defendant Dr. John Doe refused to let Nurse Eddie send the Plaintiff out, telling Nusre Eddie to simply wrap the Plaintiff's hand up in an ace bandage and give him some motrin. Nurse Eddie explained to the Defendant Dr. John Doe again the nature of the injury and told him that motrin and an ace bandage would not be sufficient because of the condition of the broke and swollen hand and the amount of pain that the Plaintiff was in. The Defendant Dr. John Doe still refused, thus refusing to give the Plaintiff the proper medical treatment. [See: Appendix "A", PL't multiple grievances].

10. On April 22, 2019, the following morning the Plaintiff had to go back to east trauma triage in medical because of the worsening of the pain and excessive swelling in his hand. The Plaintiff was seen by a physician's assistant, Jane Doe, who took one look at the Plaintiff's hand and immediately ordered an x-ray of the Plaintiff's swollen hand. After the x-rays were reviewed by the physician's assistant the Plaintiff was informed that he had multiple fractures, a broken bone and displaced bone and a torn tendon in his hand. The physician's assistant told the Plaintiff that he would need surgery and a cast. The Plaintiff was not sent out for proper medical treatment.

11. On April 27, 2019, an inmate resident, Aquil Alexander, broke his hand during a scheduled activities event. The same type of event where the Plaintiff received his injury. Mr. Alexander immediately went to east trauma triage after he received the injury and was immediately sent out to the outside hospital to see an orthopedic doctor for proper medical treatment. Mr. Alexander received treatment and was returned to the institution.

12. On April 30, 2019, after eigth days had passed and no treatment was given nor was the Plaintiff taken to a outside hospital to see an orthopedic doctor to receive medical treatment the Plaintiff filed the following grievance at No. 799988. [See: Appendix "A", PL't multiple grievances].

13. On June 21, 2019, the Plaintiff was finally taken to Hannehmann Hospital by COs Griffin and John Doe to see an orthopedic doctor because of his broken and swollen hand. While at the hospital an x-ray and MRI was performed on the Plaintiff's broken and swollen hand. The Plaintiff and escorting officers were told by the Orthopedic Doctor that: 1) the Plaintiff's hand was healing disfigured; 2) the bone in his thumb was broken into two pieces; and 3) that the ends of the broken bone were laying side by side in a disfigured state and were healing in that position.

14. The Orthopedic Doctor then notified the Plaintiff and escorting officers that due to SCI - Phoenix's medical departments failure to act in a timely manner to the Plaintiff's injuries that he sustained on April 21, 2019, that it caused a disfigurement to the Plaintiff's hand leaving it to heal in a disfigured state. She then told them that the Plaintiff would need surgery to rebreak the bone and reset it, and that pins would be placed in it; that this proceedure would cause more pain than the actual injury. The Doctor said that the Plaintiff should have been brought to them shortly after the injury had occurred and they could have simply set the bone and put a cast on his hand letting it heal properly, not two months later. [See: Appendix "B", Pl't multiple grievances].

15. On June 21, 2019, the Orthopedic Doctor at Hannehmann put in an order for the Plaintiff to receive tylenol, motrin and ice for a collective pre-surgery treatment for the pain and swelling in his hand. SCI - Phoenix's medical department ignored the Orthopedic Doctor's

orders for pre-surgery medical treatment telling the Plaintiff that they (the staff and medical department) were satisfied with the way the Plaintiff's disfigured hand was healing. [See: Appendix "C", PL't multiple grievances].

16.   On August 9, 2019, the Plaintiff was taken to Einstein Hospital to see another orthopedic doctor because of Hannehmann Hospital could not do the surgery because of the pending shut down of the hospital. The orthopedic doctor at Einstein Hospital told the Plaintiff that **because nearly four months had elapsed since the Plaintiff's injury that he did not feel comfortable doing the surgery so he would save the institution some money and wouldn't do it, and that if he (the Plaintiff) wanted it done then he would have to go find a different doctor**. Thus, prolonging the Plaintiff's pain and suffering. [See: Appendix "D", grievance and Appendix "E", PL't multiple DC-135A Forms].

17.   The Plaintiff didn't get the corrective surgery on his disfigured hand until on or about December 3, 2019, at Einstein Hospital after numerous complaints were filed.

18.   The Plaintiff informed the Defendants: John Weztel, Jeanne Welsh, K. Owens, Tammy Ferguson, K. Sorber, Keri Moore, RNS M. Savage, G. Orlando, D. Bradley, Medical supervisor John/Jane Doe of the neglect of proper medical treatment through grievances and DC-135A forms.

19.   The Plaintiff sought help from Defendant Major Gina Clark and Defendant Deputy Sipple whom both ignored the Plaintiff's request to intervene.

20.   Defendants Ferguson, Major Gina Clark, Deputy Sipple, Medical Supervisor John/Jand Doe, K. Sorber were solely responsible for running the daily operations of SCI - Phoenix at all times relevant, the Plaintiff's hand was broken and healing disfigured. All of these defendants disregarded the Plaintiff's medical condition, (i.e. a broken hand healing disfigured and in pain), and denied the Plaintiff proper medical treatment which is/was contrary to the prescribed medical practices and treatment.

21.   Dr. Jake T. Cummings, after establishing it with the head medical supervisor at SCI - Phoenix, prescribed percocets for the post surgery pain. Upon returning to the institution the medical department ignored the hospital's orders and the amount of pain that the Plaintiff was in and prescribed medication that was only for moderate pain knowing that it would be insufficient for the Plaintiff's pain because the surgery had caused more pain than the actual injury. [See: Appendix "F", PL't multiple grievances and Appendix "G" PL't multiple grievances and Appendix "H" PL't multiple grievances].

VI    THE PLAINTIFF'S DAMAGES AND INJURIES

22. Physical Injury - The Plaintiff suffered physical injuries: the re-breaking, sanding and repositioning of his bones with pins to hold them in place.

23. Inury: Psychological and emotional trauma - as a result of the Plaintiff's re-constructive/ re-corrective surgery he suffers from constant pains in his hands, the inability to put pressure/weight on his hands and a 10 - 15% less durability of hand usage. Currently the Plaintiff is still rehabing his hand.

24. Injury: Retaliation - The Plaintiff suffered retaliation at the hands of Defendants Capt. Masselino, Counselor Wentzel, Unit Manager Gerald Kelly, G. Orlando, D. Bradley, K. Sorber, Tammy Ferguson. On December 5, 2019, the Plaintiff had two laundry bags with his name and number on the tags and filled with his personal clothes in the CI - Laundry Department that had been rewashed and awaiting to be delivered back to him by another inmate resident per his work supervisors Hollahand and Evans. The inmate resident forgot to grab the Plaintiff's clothes, thus leaving them in the laundry department.

   That night correctional officers asigned to security detail went to the laundry and begun a routine search and took the Plaintiff's two laundry bags with his clothes in them and destroyed them. The Plaintiff walked to the Laundry Department the following morning and with Supervisors Evans, Quintana and Poochie began to search the department for his clothes which were no where to be found. Upon searching for his clothes the Plaintiff's supervisors noted that paperwork, boxes, etc. were moved and rearranged signifying that security officers had been in there the previous night searching and looking around.

   The Plaintiff returned to the block and spoke to both defendants Unit Manager Gerald Kelly and Counselor Wentzel. Defendant Kelly refused to do anything. The Plaintiff filled out a DC-135A form at the request of the defendant Wentzel noting what happened and what was stolen from him. Defendant Wenztel responded to the Plaintiff's DC-135A form stating that **it is noted that they took the bags, when they are finished your items should be returned to you. I will forward the request to security.** The request was never forwarded and the Plaintiff never recieved his clothes back. [See: Appendix "I", DC-135A form].

   The Plaintiff also spoke to defendant Capt. Masselino, who is in charge of security, the defendant took down the Plaintiff's information and complaint and said he would see if they still had it and get the clothes back to the Plaintiff. The Plaintiff never heard from Defendant Masselino again nor received his clothes back. [See: Appenix "J", PL't multiple grievances].

25. On April 16, 2020, at 1:47 pm The Plaintiff received a notice from Defendant Melissa

Delliponte (Inmate Employment) stating that effective 4/10/20 that the Plaintiff was being removed from his job in the CI - Laundry Department because of medical restrictions/limitations. The Plaintiff filed the necessary grievances siting that he felt targeted and retaliated against. [See: Appendix "K", PL't multiple grievances and Appendix "L", notification].

On May 5, 2020, the Plaintiff sent a DC-135A form to the Medical Department contending that there should be no new restrictions put in his medical chart since he was cleared to return to work by the physical therapist and that he had been working in the CI - Laundry for over a year without risk or injury. The Medical Department responded to the Plaintiff telling him that **on 3/26/20 a "No Lifting Restriction" was placed on him by the medical provider**. [See: Appendix "M", DC-135A form].The Plaintiff also signed up for sick call twice and talked to the physical therapist for an explanation and all three sources told the Plaintiff that the new restriction was not in his medical chart.

The Plaintiff also contacted Defendants Deputy Sipple and Melissa Delliponte telling them what he was told by the physical therapist and two sick call doctors. Defendant Sipple responded that **the "No Lifting restriction" has been removed**. Defendant Melissa Delliponte didn't acknowledge the none existence of the "No Lifting Restriction" but instead refused to give the Plaintiff his job back by putting the removal on a different restriction that was never mentioned before.  [See: Appendix "N", PL't multiple DC-135A forms]. Following her colleagues example defendant Sipple sided with defendant Delliponte.

## VII.   STATEMENT OF CLAIMS

26.   The Plaintiff incorporates by reference as though fully set forth all the averments set out in paragraph 1-25.

**Count 1: The Defendants Violated The Plaintiff's 8th Amendment Rights**

27.   According to **U.S. Constitution 8th Amendment** the Plaintiff has a constitutionally protected right to the prohibition against cruel and unusual punishment when they intentionally and maliciously:

I) **Deliberate Indifferent** - the defendants were deliberately indifferent to the Plaintiff's broken hand injury when they refused to send him out to a hospital to receive the proper medical treatment from an orthopedic doctor.

II) **Deliberate Indifferent** - The defendants were deliberately indifferent to the Plaintiff's medical condition when they prolonged his pain and suffering for two months before

sending him to see an orthopedic doctor. As a result, the Plaintiff's broken hand begun to heal disfigured causing him to re-constructive/re-corrective surgery which caused more pain then the actual injury.

111) **Deliberate Indifferent** - the Ddefendants were deliberately indifferent to the Pliantiff's hand injury when they denied him proper pain medication before and after his re-constructive/re-corrective surgery.

IV) **Cruel and Unusual Punishment** - The Plaintiff suffered cruel and unusual punishment when defendants Meliss Delliponte, Deputy Sipple and the Medical Provider/Medical department and Capt. Masselino retaliated against him for filing complaints against their co-workers, and denied the Plaintiff his basic civil and human rights, when they committed burgulary and stole the Plaintiff's clothes and laundry from the CI-Laundry Department and violated his rights and discriminated against him under the A.D.A. (American Disability Act) when they wrongfully removed him from his job under false pretenses and then kept it away from him using his medical disabilities.

**Count 2: The Defendants Violated The Plaintiff's 14th Amendment Rights and U.S.C. § 1981**

28. According to the U.S. Constitution 14th Amendment and 42 U.S.C. § 1981, the Plaintiff is a citizen of the United States, who has a constitutional right to the equal protection of the law. The Defendants were supposed to provide the Plaintiff with reasonable care. But, instead, these Defendants deprived the Plaintiff when they intentionally and maliciously disregarded the Plaintiff's broken hand and enjoined him to have it heal disfigured.

**Count 3: The Defendants Violated The Plaintiff's Civil and Human Rights**

29. According to **Title 4 of the Civil Rights Act of 1964**, and **42 U.S.C. § 1983**, the Plaintiff is entitled to his basic civil and human rights which is afforded to every citizen of the United States.

30. All Defendants knew about the Plaintiff's hand injury becauase they had/have direct access to the Plaintiff's medical records, and because the Plaintiff informed and filed multi[ple grievances. **Also, because medical staff members informed the defendants of the Plaintiff's hand injury.**

31. The Plaintiff is entitled to not have the Defendants put his health and well being into jeapordy, which they did when they refused to provide proper medical treatment by sending him to see an orthopedic doctor right after he broke his hand. **The Plaintiff could have had perminent ligament and tissue damage.**

32. The Defendants worked together to deprive the Plaintiff of his civil and human rights - **to be safe and secure in his person**. The Plaintiff has a constitutional right to recovery damages for the Defendants' malicious actions of depriving him of his civil liberties to be secure in his person and basic human rights.

**Count 4: The Defendants Violated The Plaintiff's Rights To The Exercise of His Civil and Human Rights**

33. According to U.S.C. § 1985, the Plaintiff has a constitutional right to the protection against the Defendants conspiring together to interfere with his (Plaintiff's) civil rights.

34. Defendants conspired to keep the Plaintiff in pain and suffering, with the full knowledge that the Plaintiff injured hand was healing disfigured, which is what happened, and that he could have damaged his hand even worser.

35. Defendants had an Obligation and should have stopped their colleagues from violating the Plaintiff's protected rights, to be secure in his well being.

**Count 5: The Defendants Failed/Refused To Protect The Plaintiff From Being Victimized By His Colleagues**

36. According to 42 U.S.C. § 1986, the Defendants who witnessed his colleagues' intentional and malicious actions **had an obligation to prevent his colleagues from conspiring to deprive the Plaintiff of his property**. But, they neglected to do so when they refused/failed to prevent the conspiracy, and they are now liable for damages.

## VIII   SUPPLEMENTAL JURISDICTION (28 U.S.C. § 1367)

37. The Plaintiff incorporates by reference as though fully set forth all the averments set out in paragraph 1-35.

**Count 6: The Defendants Acted Negligently To The Plaintiff's Medical Needs/Treatment**

38. According to 42 PA.C.S. § 8522 (B)(3) - **Negligence**, the defense for sovereighn immunity shall not be raised to the claims for damages caused by...the care, custody or control of a person. The Defendants failed/refused to exercise reasonable care of the Plaintiff's medical condition (i.e. broken and fractured hand) by deliberately not sending him to see an orthopedic doctor and not giving him proper pain medication to deal with the injury.

**Count 7: The Defendants Committed Criminal Conspiracy Against The Plaintiff**

39. According to 18 PA.C.S. § 9093 the Defendants committed the crimes of criminal conspiracy when the Defendants, working together deprived the Plaintiff of his Civil and Human Rights in retaliation.

40. All All of the Defendants knew of the Plaintiff's hand injury and had access to the Plaintiff's medical records. All of the Defendants were aware that the Plaintiff's medical situation was in direct violation of the Pennsylvania and U.S. Constittuion and their oaths of medical/correctional staff and officers and refused to correct it. All of the Defendants violated their oaths of care, custody and control of the residents placed under their supervision/in their care. All of the Defendants either lied and/or tried to cover up the fact that the Plaintiff was never sent to the hospital after he broke and fractured his hand during organized sports in retaliation of prior complaints and pending civil action and let it heal disfigured which put him in a position to need re-constructive/re-corrective surgery which would (and did) casuse more pain than the actual injury and denied the Plaintiff the proper pain medication throughout the ordeal.

41. None of the Defendants were investigated, charged or prosecuted for their many crimes, which allows this type of criminal behavior withitn the PADOC.

# RELIEF SOUGHT

42.   Compensatory Damages: The Plaintiff requests This Court to enjoin the Defendants to pay the Plaintiff compensatory damages in the amount of $300,000.00 (three hundred thousand dollars), plus the appropriate interest rate.

43.   Punitive Damages: The Plaintiff requests This Court to enjoin the Defendants to pay the Plaintiff punitive damages in the amount of $300,000.00 (three hundred thousand dollars), plus the appropriate interest rate.

44.   Psychological/Emotional Damages: The Plaintiff requests This Court to enjoin the Defendants to pay the Plaintiff psychological/emotional damages in the amount of $300,000.00 (three hundred thousand dollars), plus the appropriate interest rate.

45.   Court Costs/Legal Fees: The Plaintiff requests This Court to enoin the Defendants to pay the Plaintiff's court cost and legal fees.

46.   All other appropriate damages allowed by the law: The Plaintiff requests This Court to enjoin the Defendants to pay the Plaintiff all other appropriate damages and reliefs allowed by law.

Filed By,

Benjamin Cooper
GE-0213
P.O. Box 244
Collegeville, PA 19426

Date: September 3, 2020

APPENDIX "A"

1 of 2

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI - Phoenix | DATE: 4/30/19 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Benjamin Cooper GE0213 | SIGNATURE OF INMATE: B-7----Cf | |
| WORK ASSIGNMENT: laundry | HOUSING ASSIGNMENT: H - 31019 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 4/21/19, I injured my left hand and it immediately swelled up. I went to medical and the doctor refused to send me to the hospital for an X-ray and MRI so I was given an motrine for the pain, and my hand was wrapped in an ace bandage and I was given ice. On 4/22/19, I went back to medical because of the pain in my hand and an x-ray was done. I was informed that my thumb was broke, that a tendon tore away from the muscle (thumb area), that there were multiple fractures and displaced bones and that I would need surgery and a cast.
I contend that, if these tendons are not re-attached and bones re-set I will lose functionality in my hand without the use of my thumb, thus improperly healing. I need surgery and the medical

B. List actions taken and staff you have contacted, before submitting this grievance.

Medical nurses    Sick call nurse
Deputy Sipple

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                         _____
Signature of Facility Grievance Coordinator                                    Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**                         **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

2 of 2

Dept. refuses to schedule me for the necessary surgery. Thus, violating my constitutional rights: U.S. Const. 6th Amendment. Wherefore, I request the necessary surgery and compensatory damages in the amount of $200,000.00 (two hundred thousand dollars).

**INITIAL REVIEW RESPONSE**
SCI Phoenix
1200 Mokychic Drive, Collegeville PA 19426

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follow:

| **Inmate Name:** | Benjamin Cooper | **Inmate Number:** | GE0213 |
|---|---|---|---|
| **Facility:** | SCI Phoenix | **Unit Location:** | H-B-1019 |
| **Grievance #:** | 799988 | **Grievance Date:** | 4/30/19 |
| ***Publication (if applicable):*** | | | |

| **Decision:** | ☐ **Uphold Inmate**<br>**X Grievance Denied** KD.<br>☐ **Uphold in part/Denied in part** |
|---|---|

*It is the decision of this grievance officer to uphold, deny* ***or uphold in part/deny in part*** *the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**

Inmate Cooper you filed a grievance indicating that you injured your left hand on 4/21/19 and the doctor refused to send you to the hospital for treatment. You indicate that your pain was treated, you were provided with ice and your hand was bandaged. You indicate that you were seen the next day and x-rayed. You indicate you were told that you broke your thumb, the tendon tore away from the muscle, you had multiple fractures and would need surgery and a cast. You indicate that you need surgery and medical refuses to schedule you for surgery violating your rights. You want surgery and $200,00.00. Inmate Cooper your grievance is denied. You were evaluated and treated accordingly on 4/21/19. You were evaluated again during a follow up by a provider on 4/22/19 where you were x-rayed and your thumb was splinted and wrapped. You were advised that you had a non-displaced fracture and avulsion with good circulation. An outside appointment was scheduled for an orthopedic follow up. You will not be advised of the date for security reasons. If you have any further concerns or questions regarding medical care please follow the facility sick call process so that you may be triaged and your concerns can be addressed as appropriate.

| **Signature:** | Jeanne Welsh |
|---|---|
| **Title:** | Corrections Health Care Administrator |
| **Date:** | 5/8/19 |

cc: Facility Grievance Coordinator
DC-15
File

RECEIVED
MAY - 9 2019

BENJAMIN COOPER, GE-0213
BLK/CELL NO. H-B1-019

TO: TAMMY FERGUSON, SUPT.
    SCI-PHOENIX

RE: GRIEVANCE APPEAL, NO. 799988

Supt. Ferguson,

On 4/21/19, I injured my left hand and wrist. I went to medical where I was given motrin for the pain, and my hand and wrist was wrapped in an Ace Bandage, **not a splint, nor cast.** On 4/22/19, I went back to medical and an X-ray was done and I was informed that tendons in my hand (thumb area) was torn from the muscle and **I need surgery to re-attach,** I have three fractures, multiple bone fragments, and that I needs a cast.

I contend, if these tendons are not re-attached I will lose functionality in my hand without the use of my thumb, thus improperly healing. I need surgery to re-attach my tendons to my muscle, and the medical Dept. refuses to schedule me for the necessary surgery. Thus, violating my constitutional rights: **U.S. Const. 6th Amendment.**

WHEREFORE, I request the necessary surgery.

Date: 5/21/19

Filed by,



# Facility Manager's Appeal Response
## SCI Phoenix

### Collegeville, PA, 19426

06/03/2019 08:00

| | | | |
|---|---|---|---|
| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
| Facility: | Phoenix | Unit Location: | H / B  1019 -01 |
| Grievance #: | 799988 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision: Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you state you injured your left hand and wrist on April 21, 2019. You state you went to medical where you were given Motrin and your hand/wrist was wrapped in an ace bandage, not a splint or cast. You state you went back to medical on April 22, 2019 and x-ray was done where you were informed that tendons in your hand were torn away from the muscle and you need surgery to reattach. You state you have three fractures, multiple bone fragments and you need a cast. You state you will lose functionality in your hand if surgery is not scheduled. You further state that the medical department refuses to schedule you for such surgery.

I find the grievance officers response appropriate. As indicated in the initial review response, a follow-up appointment with an outside orthopedic has been scheduled. Due to security reasons, you will not be advised of that date. You were advised that you had a non-displaced fracture and avulsion with good circulation. I find that you were and continue to be receiving the appropriate medical care. There is nothing further to add.

Based on this information, I am upholding the decision of the grievance officer.

| | |
|---|---|
| Signature: | _Tammy Ferguson (signature)_ |
| Name | Tammy S Ferguson |
| Title: | Facility Manager |
| Date: | 6·3·19 |

CC:  DC-15
      File

---

# APPENDIX "B"

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
| --- |
| 816011 |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI-Phoenix | DATE: 6/27/19 |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) Benjamin Cooper GE0213 | SIGNATURE OF INMATE: B—C | |
| WORK ASSIGNMENT: laundry | HOUSING ASSIGNMENT: HB1019 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

based on the extreme pain and torture I continue to suffer — on 6/21/19, I was taken to Hannemann hospital about my broken thumb and injury which occurred on 4/21/19 by COs Griffin and John Doe. at the hospital x-rays were taken that showed: 1) the bone in my thumb was completely broken into 2 pieces; and 2) that the tips of both pieces of the bone are laying side by side next to each other and are healing in that position.
I was advised by the doctors at Hannemann Hospital that due to Phoenix's medical dept's failure to act in a timely manner to the injury I sustained on 4/21/19 that it caused a disfigurement of my hand by leaving it to heal in a disfigured state. They also advised me that I will need surgery to rebreak and reset the bone and that pins would be placed in my hand, that I should have been brought to them shortly after the injury had occured where they could have set the bone so that it could heal and not 2 months later.

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____    _____
Signature of Facility Grievance Coordinator          Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

Phoenix's medical department deliberately denied and/or refused me proper medical treatment and was negligent according to Hannemann Hospital. There was no reason for Phoenix's medical department to prolong my pain and suffering and delay proper medical treatment for 2 months, when other inmates who recieved similar injuries during the same time period recieved proper medical treatment and timely surgery.

The delay and failure to act in getting me proper medical treatment will cause me more pain and suffering then the original injury which violates my 8th Amendment Rights to cruel and unusual punishment. This mis-treatment is retaliation for prior grievances filed and pending civil actions against SCI-Phoenix and its medical department. Because of Phoenix's medical department's intentional and deliberate failure to act and denial of proper medical treatment and negligence I am seeking compensatory and psychological damages in the amount of $ nine hundred thousand dollars ($900,000.00).



# Facility Manager's Appeal Response
## SCI Phoenix

### Collegeville, PA, 19426

10/07/2019 07:19

| | | | |
|---|---|---|---|
| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
| Facility: | Phoenix | Unit Location: | H / B |
| Grievance #: | 810011 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you state you were advised by doctors at the hospital that due to Phoenix's medical departments failure to act in a timely manner to the injury you sustained on 4/21/19 it caused a disfigurement of your hand by leaving it to heal in a disfigured state. You state they also advised you that you would need surgery to re-break and reset the bone and that pins would be placed in your hand. You state the medical department denied and/or refused you proper medical treatment and was negligent according to Hahnemann Hospital. You state there was no reason for the medical department to delay proper medical treatment for 2-months. You state this mistreatment is retaliation for prior grievances filed and pending civil actions against SCI Phoenix and the medical department. You state that neither of the responses have anything to do with the original injury or issue at hand, that the visit to the orthopedic hospital, it was made clear that you wanted surgery as previously ordered by Hahnemann Hospital and that the doctor at the orthopedic hospital stated that because nearly 4-motnhs had elapsed from the time the original injury that he did not feel comfortable doing the surgery and that if you wanted it then you would have to go to a different doctor. You state that you don't need physical therapy, you need surgery. You state the reasons for the denial of the initial grievance is insufficient because it fails to explain the blatant failure and refusal of proper medical treatment when your hand was first broken, why they delayed sending you to a hospital for 2-months or why they delayed it another 2-months before they sent you to another orthopedic hospital. You also state it doesn't address why you haven't had surgery to date.

Upon review of all available information, I find there was no failure or refusal to provide you with medical treatment. Your original orthopedic consult was on 4/22/2019 and scanned to Hahnemann Orto for scheduling on 4/24/19. You had an appointment which was rescheduled to 6/21/2019. You had a CT scan done on 7/1/2019 however, medical did not receive the CT scan disc and had to request another copy of it as they could not schedule another appointment without the disc. In the meantime, due to the closure of Hahnemann Hospital, Hahnemann Ortho stopped seeing patients and you were scheduled with Einstein Orthopedics for an appointment on 8/9/2019. Einstein Ortho recommended P/T while you were there, however, you refused that and signed a DC-462. You are scheduled for a follow-up with Einstein Ortho.

Based on this information, I am upholding the decision to deny your grievance.



# Facility Manager's Appeal Response
## SCI Phoenix

### Collegeville, PA, 19426

10/07/2019 07:19

Signature:

Name          T. Ferguson

Title:        Facility Manager

Date:

cc: DC-15
    File

---

DC-ADM 804, Inmate Grievance System Procedures Manual

**Section 2 - Appeals, Attachment 2-B**

GE0213    Grievance #: 810011

COOPER, BENJAMIN

Issued: 1/26/2016  Effective: 2/16/2016

Benjamin Cooper GE-0213
BLOCK/CELL HB-1019

TO: Chief Secretary's Office
1920 Technology PKWY,
Mechanicsburg, PA 17050

RE:   GRIEVANCE APPEAL, NO. 810011

TO WHOM IT MAY CONCERN,

I filed a grievance on 6/27/19 contending that:

Based on the extreme pain and torture I continue to suffer - On 6/21/19, I was taken to Hannemann Hospital about my broken thumb and injury to my left hand which occured on 4/21/19 by C/os Griffin and John doe. At the hospital X-rays were taken that showed: 1) the bone in my thumb was completely broken into two pieces; and 2)that the tips of both bones are laying sisde by side next to each other and are healing in that position.

I was advised by the doctors at the hospital that due to Phoenix's Medical Department's failure to act in a timely manner to the injury I sustained on 4/21/19 that it caused a disfigurement of my hand by leaving it to heal in a disfigured state. They also advised me that I would need surgery to rebreak and reset the bone and that pins would be placed in my hand, that I should have been brought to them shortly after the injury had occured where they could have just set the bone so that it could have healed properly, not two months later.

Phoenix's Medical Department deliberately denied and/or refused me proper medical treatment and was negligent according to Hannemann Hospital. There was no reason for Phoenix's Medical Department to prolong my pain and suffering and delay proper medical treatment for two months, when other inmates who recieved the same injuries during the same time period recieved proper medical treatment and timely surgery. The delay and failure to act in getting me proper medical treatment will cause me more pain and suffering than the original injury which violates my 8th Amendment Rights to Cruel and Unusual Punishment. This mistreatment is retaliation for prior grievances filed and pending civil actions against SCI-Phoenix and its medical department. Because of Phoenix's Medical Department's intentional and deliberate failure to act and denial of proper medical treatment and negligence I am seeking compensatory and psychological damages in the amount of $NINE HUNDRED THOUSAND DOLLARS ($900,000.00).

On 8/21/19, my grievance was denied based on the following:

1) Seen at outside orthopedic hospital on 8/11/19, follow up scheduled.
2) 8/20/19, refused medical treatment (physical therapy).

I contend that:

1) that neither of the responses have anything to do with the original injury or issue at hand.

2) that at the visit to the orthopedic hospital it was (A) made clear that I wanted surgery as previously ordered by Hannemann Hospital and COs Ryon and Wells where present for this; and (B) that the doctor at the orthopedic hospital stated that because nearly 4 months had elapsed from the the time of the original injury (because of Phoenix's Medical Department's failure to act) that he did not feel comfortable doing the surgery and that if I wanted it then I would have to go to a different doctor.

3) that I DON'T NEED physical therapy, what I NEED IS SURGERY.

The reasons for the denial of this grievance are insufficient on its face because it fails to explain or address Phoenix's Medical Department's blatant failure and refusal of proper medical treatment when my hand was first broken, why they delayed sending me to the hospital for two months, or why they delayed it another two months before they sent me to another orthopedic hospital. Nor does it address why I still haven't had surgery to date and am continuing to suffer.

[SEE ATTACHED DOCUMENT]

Benjamin Cooper

DATE: 10/16/19
CC: FILE

X-RAYS AT BOTH HOSPITALS SHOWED THE BONE IN MY THUMB IS HEALING LIKE THIS.

# DISFIGURED



# ATTACHMENT IN SUPPORT OF GRIEVANCE APPEAL

RE: Grievance Appeal No. 810011

On 10/7/19, my appeal to the facility manager was denied based on the following:

I am in reciept of your grievance appeal in which you state you were advised by doctors at the hospital (Hahneman) that due to Phoenix's medical department's failure to act in a timely manner to the injury you sustained on 4/21/19 it caused a disfigurement of your hand by leaving it to heal in a disfigured state...that they advised you that you would need surgery to re-break and reset the bone and that pins would be placed in your hand. You stste that the medical department denied and/or refused you proper medical treatment and was negligent according to Hahnemann Hospital. You state that there was no reason for the medical department to delay proper medical treatment for 2 months...that this mistreatment is retaliation for prior grievances filed and pending civil actions against SCI-Phoenix and the medical department...that neither of the reponses (in denying initial grievanve) have anything to do with the original injury or issue at hand, that at the visit to the orthopedic hospital, it was made clear that you wanted surgery as previously ordered by Hahnemann Hospital and that the doctor at the orthopedic hospital stated that because nearly 4 months had elapsed from the time of the original injury that he did not feel comfortable doing the surgery and that if I wanted it then you would have to go to a different doctor...that you don't need physical therapy, you need surgery. You state the reasons for the denial of the initial grievance is insufficient because it fails to explain the blatant failure and refusal of proper medical treatment when your hand was first broken, why they delayed sending you to a hospital for 2 months or why they delayed another 2 months before they sent you to another orthopedic hospital. You also state that it doesn't address why you haven't had

surgery to date.

Upon review of all available information, I find that there was no failure or refusal to provide you with medical treatment. Your orginal orthopedic consult was on 4/22/19 and scanned to Hahnemann Orto for scheduling on 4/24/19. You You had an appointment which was rescheduled to 6/21/19. You had a CT scan done on 7/1/19 however, medical did not recieve the CT scan disc and had to request another copy of it as they could not schedule another appointment without the disc. In the meantime, due to the closure of Hahnemann Hospital, Hahnemann Orth stopped seeing patients and you were scheduled with Einstein Orthopedics for an appointment on 8/9/19. Einstein Ortho recommended P/T while you were there, however, you refused that and sighned a DC-462. You are scheduled for a follow up with Einstein Orth.

Based on this information, I am upholding the decision to deny your grievance.

I contend that:

1) Medical records will reflect that on 4/21/19 (a Sunday), after the injury occurred I was sent to medical where I was met by a nurse (Keith). The nurse did his assessment of my hand and was preparing to send me to the hospital. The nurse called the doctor (a male) and told him that my hand was swollen and that based off of his assessment that had multiple fractures or broken bones in my left hand, and that he wanted to send me to the hospital. The doctor **REFUSED** to send me out and told the nurse to wrap my hand up and give me a couple of motrin, and send me back to the block. The nurse tried to tell the doctor again that my hand needed to be taken care of but the doctor re-stated his orders, and the nurse told me there was nothing he could do because the doctor overruled him.

2) The records will also reflect that I returned back to medical (on

4/22/19) because the pain had gotten worse and my hand was still swollen, and it was then, after a female nurse practioner saw my hand, that x-rays had been done, and the results showed that I had mulitple fractures and a break in the bones in my thumb. She told the doctor and both reviewed the x-rays together, she advised sending me out. **Yet still I was refused proper treatment by the doctor not sending me to the hospital.** But was given and prescribed more motrin, tylenol and ice and sent back to the block.

3) In the records it will show that Hahnemann Hospital <u>NEVER</u> resheduled the appointment, but that it was Phoenix's medical department that did so to prolong my pain and suffering. So the facility manager was lying.

4) In Medical Department's records you will find that on 4/27/19 (a Saturday) another inmate (Aquil _Alexander_ )broke his thumb playing football and was sent to the hospital that day without delay, that he had surgery on his hand the following week without delay and recieved a cast.

5) The medical records will reflect that I had a visit to Hahnemann Hospital on 7/1/19 where another x-ray was done and a CT scan was done in preparation for surgery, that I returned that day with all the medical paperwork and the CT scan disc from Hahnemann Hospital. That on 7/2/19, I went to sick call to view the x-ray and CT scan results but that it was not in medical's system as of yet so I was told to put in another sick call slip to come back, that I returned to sick call on 7/3/19 and viewed, both, the x-ray and CT scan results taken at Hahnemann Hospital. See attached exhibit ___. So the facility manger was lying.

6) In the records you will find that P/T was only brought up by the doctor at Einstein Orthopedics because he didn't feel comfortable

doing the surgery because nearly four months had passed since the injury and my hand had begun healing disfigured. But that he <u>NEVER</u> stated that **I didn't need surgery**.

7) In the records you will find that the facility manager never spoke to any of my witnesses about any of the events that occured and/or what was said at any of the hospitals. Which shows that the facility manager did not investigate the issue at hand, thus refusing me of my rights due diligence.

# Grievance Referral
## (Notice to Inmate)

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050



FA- 1034-01

12/04/2019 01:21

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| SCI Filed: | Phoenix | Current SCI: | Phoenix |
| Grievance #: | 810011 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this Office has reviewed the documents submitted; including your initial grievance, the grievance officer's response, your appeal to the facility manager, the facility manager's response, and the issues you raised to final review. Upon completion of this review, it is the determination of this Office to solicit input from an appropriate Central Office Bureau relative to the issue(s) raised in your grievance. Therefore, please be advised that the final review decision will be delayed pending review by the office to which it has been referred. Upon completion of this review, however, a determination will be made and you will be provided with a final appeal decision in writing.

**Action: Referral**

**Bureau/Office:**

- Health Care - Referral Date : 12/04/2019

| Signature: | *Keri Moore for* | | |
|---|---|---|---|
| Name: | K. Varner | | |
| Title: | Chief Grievance Officer | | |
| Date: | 12/04/19 | | |

cc:   DC-15/Superintendent - Phoenix
       Grievance Office

*KLM*

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 2 - Appeals, Attachment 2-I                    Issued: 1/26/2016 Effective: 2/16/2016

GE0213   Grievance #:810011

COOPER, BENJAMIN                                                                   Page1 of 1



# Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

05/28/2020 01:17

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| SCI Filed: | Phoenix | Current SCI: | Phoenix |
| Grievance #: | 810011 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office.  As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

**Decision:Uphold Response**

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

Your concern of not being provided proper medical care was reviewed by the staff at the Bureau of Health Care Services. They thoroughly reviewed your medical record and determined that the medical care provided was reasonable and appropriate. Their findings concur with the initial review response.

These clinical decisions are made by your attending practitioner. You are encouraged to participate in your treatment plan and discuss your concerns or changes of condition with a practitioner. They found no evidence of wrongdoing. Therefore, this office upholds the responses provided to you and your requested relief is denied.

| Signature: | |
|---|---|
| Name: | D. Varner |
| Title: | Chief Grievance Officer |
| Date: | |

CC:  DC-15/Superintendent - Phoenix
Grievance Office



# Initial Review Response

SCI Phoenix

Collegeville, PA, 19426

08/21/2019 12:25

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
| --- | --- | --- | --- |
| Facility: | Phoenix | Unit Location: | H / B   H B l o l 9 |
| Grievance #: | 810011 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Seen at outside orthopedic hospital on 08-09-2019, follow-up scheduled.

08-20-2019 Refused medical treatment (physical therapy).

Grievance Denied.

Resolution: Please be mindful adhere to all recommended medical treatments and appointments.

| Signature: | |
| --- | --- |
| Name: | M. Savage |
| Title: | RNS |
| Approver: | K. Owens |
| Date: | August 21, 2019 |

CC:  Facility Grievance Coordinator
DC-15

Benjamin Cooper GE-0213
BLOCK/CELL HB-1019

TO: Tammy Ferguson, SUPT.
SCI-PHOENIX

RE:   GRIEVANCE APPEAL, NO. 810011

Supt. Ferguson,

I filed a grievance on 6/27/19 contending that:

Based on the extreme pain and torture I continue to suffer - On 6/21/19, I was taken to Hannemann Hospital about my broken thumb and injury to my left hand which occured on 4/21/19 by C/os Griffin and John doe. At the hospital X-rays were taken that showed: 1) the bone in my thumb was completely broken into two pieces; and 2)that the tips of both bones are laying sisde by side next to each other and are healing in that position.

I was advised by the doctors at the hospital that due to Phoenix's Medical Department's failure to act in a timely manner to the injury I sustained on 4/21/19 that it caused a disfigurement of my hand by leaving it to heal in a disfigured state. They also advised me that I would need surgery to rebreak and reset the bone and that pins would be placed in my hand, that I should have been brought to them shortly after the injury had occured where they could have just set the bone so that it could have healed properly, not two months later.

Phoenix's Medical Department deliberately denied and/or refused me proper medical treatment and was negligent according to Hannemann Hospital. There was no reason for Phoenix's Medical Department to prolong my pain and suffering and delay proper medical treatment for two months, when other inmates who recieved the same injuries during the same time period recieved proper medical treatment and timely surgery. The delay and failure to act in getting me proper medical treatment will cause me more pain and suffering than the original injury which violates my 8th Amendment Rights to Cruel and Unusual Punishment. This mistreatment is retaliation for prior grievances filed and pending civil actions against SCI-Phoenix and its medical department. Because of Phoenix's Medical Department's intentional and deliberate failure to act and denial of proper medical treatment and negligence I am seeking compensatory and psychological damages in the amount of $NINE HUNDRED THOUSAND DOLLARS ($900,000.00).

On 8/21/19, my grievance was denied based on the following:

1) Seen at outside orthopedic hospital on 8/11/19, follow up scheduled.
2) 8/20/19, refused medical treatment (physical therapy).

I contend that:

1) that neither of the responses have anything to do with the original injury or issue at hand.

2) that at the visit to the orthopedic hospital it was (A) made clear that I wanted surgery as previously ordered by Hannemann Hospital and COs Ryon and Wells where present for this; and (B) that the doctor at the orthopedic hospital stated that because nearly 4 months had elapsed from the the time of the original injury (because of Phoenix's Medical Department's failure to act) that he did not feel comfortable doing the surgery and that if I wanted it then I would have to go to a different doctor.

3) that I DON'T NEED physical therapy, what I NEED IS SURGERY.

The reasons for the denial of this grievance are insufficient on its face because it fails to explain or address Phoenix's Medical Department's blatant failure and refusal of proper medical treatment when my hand was first broken, why they delayed sending me to the hospital for two months, or why they delayed it another two months before they sent me to another orthopedic hospital. Nor does it address why I still haven't had surgery to date and am continuing to suffer.

Benjamin Cooper

DATE: 8/29/19
CC: FILE

APPENDIX "C"

MCC 7/5/19

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
810013
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI-Phoenix | DATE: 6/28/19 |
|---|---|---|

FROM: (INMATE NAME & NUMBER)
Benjamin Cooper G1E0213

SIGNATURE OF INMATE: [signature]

WORK ASSIGNMENT: laundry

HOUSING ASSIGNMENT: HB1019

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 6/21/19, the doctors at Hannemann hospital put in an order for me to continue treatment of getting tylenol, motrin and ice treatment for my broken and injured hand. On 6/26/19, I went to sick call and the doctor refused to continue giving me pain medication and ice for my injury disregarding the Hospitals orders. He stated the they (the medical dept.) were satisfied with the way my hand was healing. The state of my hand is as follows: the bone in my thumb is broken in half and ~~are~~ the ends are lying next to each other and healing. I will need surgery to fix my hand but according to the doctor, he and the medical department are fine leaving my hand the way it is. For medicals refusal to ~~xxxx~~ give treatment for my hand despite hospital orders I am seeking compensatory damages in the amount of ~~Two Hundred~~ Thousand Dollars ($200,000.00).

B. List actions taken and staff you have contacted, before submitting this grievance.

Sick call doctor

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature]
Signature of Facility Grievance Coordinator

[date]
Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 1-A**

Benjamin Cooper GE-0213
BLOCK/CELL HB-1019


TO: Tammy Ferguson, SUPT.
SCI-PHOENIX


RE:      GRIEVANCE APPEAL, NO. 810013


Supt. Ferguson,

I filed a grievance on 6/28/19 contending that:

On 2/21/19, the doctors had Hannemann Hospital put in an order for me to continue the same treatment of getting tylenol, motrin and ice treatment for my broken and injured hand. On 6/26/19, I went to sick call and the doctor refused to continue giving me pain medication and ice treatment for my injury, disaregarding the Hanneman Hopsital's orders. He stated that they (Phoenix's Medical Department) were satisfied with the way my hand was healing.

the state of my hand is as follows: the bone in my thumb is broken in half and the ends are lying next to each other and healing (disfigured). I will need surgery to fix my hand, but according to the doctor, he and the medical department are fine leaving my hand the way that it is.

For medicals refusal to give treatment for my hand despite (Hannemann) Hospital's orders I am seeking compensatory damages in the amount of $ TWO HUNDRED THOUSAND DOLLARS ($200,000.00).

On 8/21/19, my grievance was denied based on the following:

1) pain medication prescribed from 04/26 thru 07/17, 2019

I contend that:

1) that the pain medication was stopped on and/or about 6/17/19, right before I went to Hannemann Hospital.

2) that sick call doctor John Doe refused to re-order the pain medication.

3) that non of the follow up sick call visit doctors would re-order any pain medication for me until I slipped in the shower injuring my hand further.

The reasons for the denial of this grievance are insufficient on its face because it fails to explain or address Phoenix's Medical Department's blatant failure and refusal to continue to give pain medication treatment when Hannemann Hospital ordered them to, why they delayed giving me more pain

medication until my hand was injured more. If a proper investigation was done it would have been discovered that through sick call when the medication was done and when and why it was re-ordered .

Benjamin Cooper

DATE: 8/29/19
CC: FILE



# Facility Manager's Appeal Response

SCI Phoenix

Collegeville, PA, 19426

09/20/2019 08:06

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | H / B  1019-0 |
| Grievance #: | 810013 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you state the doctors at Hahnemann Hospital put in an order for you to continue the same treatment of getting Tylenol, Motrin and ice treatment for your broken and injured hand. You state that on 6/26/19, you went to sick call and the doctor refused to continue giving you pain medication and ice treatment for your injury disregarding Hahnemann Hospitals orders. You state that on or about 6/17/19, pain medication was stopped right before you went to Hahnemann Hospital, that the sick call doctor refused to reorder the medication and that none of the follow-up sick call doctors would reorder any pain medication for you until you slipped in the shower injuring your hand further. You are requesting compensatory damages in the amount of $200,000.00.

I have reviewed available information and find that your pain medication was not discontinued on or about 6/17/19 but did become inactive on 7/17/2019. Be advised, pain medication is prescribed at the provider's discretion not be patient demand.

Based on this information, I am upholding the decision to deny your grievance and denying the requesting compensatory damages you requested.

| | |
|---|---|
| Signature: | _[signature]_ |
| Name: | T. Ferguson |
| Title: | Facility Manager |
| Date: | 9-20-19 |

CC: DC-15
　　 File

---



# Initial Review Response

SCI Phoenix

Collegeville, PA, 19426

08/21/2019 12:24

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
| Facility: | Phoenix | Unit Location: | H / B   H B 1015 |
| Grievance #: | 810013 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Pain medication prescribed from 04/26 thru 07/17, 2019.


Grievance Denied


Resolution: Please be mindful to adhere to treatment plan from Provider and keep upcoming appointments.

| Signature: | |
| Name: | M. Savage |
| Title: | RNS |
| Approver: | K. Owens |
| Date: | August 21, 2019 |

CC:  Facility Grievance Coordinator
    DC-15



**Final Appeal Decision**

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

02/20/2020 03:59

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| SCI Filed: | Phoenix | Current SCI: | Phoenix |
| Grievance #: | 810013 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office.  As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

**Decision:Uphold Response**

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal, and relief sought, etc.

**Response:**

Your concern of not being provided proper medical care was reviewed by the staff at the Bureau of Health Care Services. They thoroughly reviewed your medical record and determined that the medical care provided was reasonable and appropriate. Their findings concur with the initial review response.

These clinical decisions are made by your attending practitioner. You are encouraged to participate in your treatment plan and discuss your concerns or changes of condition with a practitioner. They found no evidence of wrongdoing. Therefore, this office upholds the responses provided to you and your requested relief is denied.

| Signature: | *Keri Moore* |
|---|---|
| Name: | K. Moore |
| Title: | Chief Grievance Officer |
| Date: | 02/20/20 |

CC:  DC-15/Superintendent - Phoenix
Grievance Office

**Grievance Referral**
**(Notice to Inmate)**

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050



*HB 101901*

11/19/2019 09:54

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| SCI Filed: | Phoenix | Current SCI: | Phoenix |
| Grievance #: | 810013 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance noted above.  In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this Office has reviewed the documents submitted; including your initial grievance, the grievance officer's response, your appeal to the facility manager, the facility manager's response, and the issues you raised to final review.  Upon completion of this review, it is the determination of this Office to solicit input from an appropriate Central Office Bureau relative to the issue(s) raised in your grievance. Therefore, please be advised that the final review decision will be delayed pending review by the office to which it has been referred. Upon completion of this review, however, a determination will be made and you will be provided with a final appeal decision in writing.

**Action: Referral**

**Bureau/Office:**

• Health Care - Referral Date : 11/19/2019

| Signature: | | | |
|---|---|---|---|
| Name: | D. Varner | | |
| Title: | Chief Grievance Officer | | |
| Date: | 11/19/2019 | | |

cc:    DC-15/Superintendent - Phoenix
        Grievance Office

*KLM*

**DC-ADM 804, Inmate Grievance System Procedures Manual**

Section 2 - Appeals, Attachment 2-I                                    Issued: 1/26/2016  Effective: 2/16/2016

GE0213     Grievance #: 810013

COOPER, BENJAMIN                                                                        Page 1 of 1

APPENDIX "D"

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
814019
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: Phoenix | DATE: 8/9/19 |
|---|---|---|

| FROM: (INMATE NAME & NUMBER) Benjamin Cooper GE0213 | SIGNATURE OF INMATE: |
|---|---|

| WORK ASSIGNMENT: laundry | HOUSING ASSIGNMENT: HB.1019 |
|---|---|

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 8/9/19, I was taken to Einstein Hospital near King of Prussia Mall. The doctor there, told me that because nearly 4 months had elapsed with my thumb broken and it healing disfigured, he did not feel comfortable doing the surgery so he wouldn't do it. He said that if I wanted surgery done that I would have to find a different doctor to do it. Medical Dept's supervisor intentionally sent me to a hospital and doctor that would prolong my injury, pain and suffering by not doing the surgery, thus following their wishes and saving them money (the prison). This violates my 8th Amendment Rights further and shows a specific intent and blatant disregard and denial for proper medical treatment.

I am requesting to be sent to a different hospital so that I can get surgery to fix my hand and end my pain and suffering. I also seek $300,000.00 three hundred thousand dollars for compensatory damages.

B. List actions taken and staff you have contacted, before submitting this grievance.

I sent request slips to Superintendent Ferguson, Deputy Sipple, Major Clark, and Medical Dept's Supervisor

I spoke with nurse Jane Doe upon my return

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____     _____
Signature of Facility Grievance Coordinator          Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
**Section 1 – Grievances & Initial Review**          *Attachment 1-A*
Issued: 1/26/2016
Effective: 2/16/2016

7/4/19



# Initial Review Response

SCI Phoenix

Collegeville, PA, 19426

10/02/2019 02:55

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | H / B    1019-01 |
| Grievance #: | 817679 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Mr. cooper you stated, "On 8/9/19, I was taken to Einstein Hospital near King of Prussia Mall. The doctor there, told me that because nearly 4 months had elapsed with my thumb broken and it healing disfigured, he did not feel comfortable doing the surgery so he wouldn't do it. He said that if I wanted surgery done that I would have to find a different doctor that would prolong my injury, pain and suffering by not doing the surgery thus following their wishes and saving them money (the prison). this violates my 8th amendment rights further and shows a specific intent and blatant disregard and denial for proper medical treatment. I am requesting to be sent to a different hospital so that I can get surgery to fix my hand and end my pain and suffering.

Documentation indicates:

You have an up coming orthopedic appointment.

Grievance Denied.

Resolution: Sick call as/if needed for any discomfort.

| Signature: | |
|---|---|
| Name: | M. Savage |
| Title: | |
| Approver: | G. Orlando |
| Date: | 10/2/2019 |

CC:  Facility Grievance Coordinator
DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-D**          Issued: 1/26/2016  Effective: 2/16/2016

GE0213    Grievance #:817679

# APPENDIX "E"

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>*Superintendent Tammy Ferguson* | 2. Date:<br>*8/9/19* |
| 3. By: (Print Inmate Name and Number)<br>*Benjamin Cooper GE0213*<br>*B___ C___*<br><span style="margin-left:2em">Inmate Signature</span> | 4. Counselor's Name:<br>*Gery*  *RECEIVED* |
|  | 5. Unit Manager's Name:<br>*Strenkowski*  *AUG 12 2019* |
| 6. Work Assignment:<br>*laundry* | 7. Housing Assignment:<br>*HB 1019* |

8. Subject: State your request completely but briefly. Give details.

*On 8/9/19, I was taken to Einstein Hospital near King of Prussia Mall. The doctor there, told me that because nearly 4 months had elapsed with my broken thumb and it began healing disfigured, he did not feel comfortable doing the surgery so he would not do the surgery. He said that if I wanted the surgery done that I would have to find another doctor to do it. The medical dept's supervisor intentionally sent me to a hospital and doctor that would follow their wishes prolonging my injury, pain and suffering by not doing the surgery. Instead, of repairing my hand by doing the surgery, and thus fixing the injury and ending my pain and suffering. I am requesting that I be sent to a different hospital and doctor so that I can get surgery to fix my hand and end my pain and suffering.*

*cc: file*

9. Response: (This Section for Staff Response Only)

*The medical Director will review the recommendation of the outside provider and determine a course for treatment. If you have any questions related to the treatment plan, you are encouraged to discuss them with the medical provider. The medical provider at Phoenix makes all decisions*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME ___*T. M*___ _____ DATE *8·12·17*
<span style="margin-left:8em">Print</span> <span style="margin-left:6em">Signature</span>

*related to your medical treatment plan. If you are still experiencing issues with your thumb, you can sign up for sick call.*

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>Deputy Sipple | 2. Date:<br>8/9/19 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Benjamin Cooper Cn50213<br><br>B——— C——<br>Inmate Signature | 4. Counselor's Name:<br>Grey |
| | 5. Unit Manager's Name:<br>Strankowski |
| 6. Work Assignment:<br>laundry | 7. Housing Assignment:<br>HB1019 |

8. Subject: State your request completely but briefly. Give details.

On 8/9/19, I was taken to Einstein Hospital near Kim of Prussia Mall. The doctor there told me that because nearly 4 months had elapsed with my thumb broken and it healing disfigured, he did not feel comfortable doing the surgery so he wouldn't do it. He said that if I wanted the surgery done that I would have to find a a different doctor to do it.

The medical dept.'s supervisor intentionally sent me to a hospital and doctor that would follow their wishes in prolonging my injury, pain, and suffering by not doing the surgery. Instead of repairing my hand, by doing the surgery, and thus, fixing the injury and ending my pain and suffering.

I am requesting that I be sent to a different hospital and doctor so that I can get surgery to fix my hand and end my pain and suffering.

cc: file

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____   DATE _____
Print          Signature

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>*Major Gina Clark* | 2. Date:<br>*8/9/19* |
|---|---|

| 3. By: (Print Inmate Name and Number)<br>*Benjamin Cooper GE0213*<br>*B_____ C____*<br>Inmate Signature | 4. Counselor's Name:<br>*Grey* |
|---|---|
| | 5. Unit Manager's Name:<br>*Strenkowski* |

| 6. Work Assignment:<br>*laundry* | 7. Housing Assignment:<br>*HB 1019* |
|---|---|

8. Subject: State your request completely but briefly. Give details.

On 8/9/19, I was taken to Einstein Hospital near King of Prussia mall. The doctor there, told me that because nearly 4 months had elapsed with my broken thumb and it began healing disfigured he did not feel comfortable doing the surgery so he wouldn't do it. He said that if I wanted the surgery done that I would have to find a different doctor to do it.
The medical dept's supervisor intentionally sent me to a hospital and doctor that would follow their wishes, In prolonging my injury, pain and suffering by not doing the surgery. Instead of repairing my hand, by doing the surgery, and thus, fixing the injury and ending my pain and suffering.
I am requesting that I be sent to a different hospital and doctor so that I can get surgery to fix my hand and end my pain and suffering.

*cc: file*

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____    DATE _____
<br>Print                Signature

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Superintendent Tammy-Ferguson | 2. Date:<br>8/9/19 |
| 3. By: (Print Inmate Name and Number)<br>Benjamin Cooper GE0213<br>B_____C_____<br>Inmate Signature | 4. Counselor's Name:<br>Gery |
| | 5. Unit Manager's Name:<br>Strenkowski |
| 6. Work Assignment:<br>laundry | 7. Housing Assignment:<br>HB 1019 |

8. Subject: State your request completely but briefly. Give details.

On 8/9/19, I was taken to Einstein Hospital near King of Prussia Mall. The doctor there, told me that because nearly 4 months had elapsed with my broken thumb and it began healing disfigured, he did not feel comfortable doing the surgery so he would not do the surgery. He said that if I wanted the surgery done that I would have to find another doctor to do it. The medical dept.'s supervisor intentionally sent me to a hospital and doctor that would follow their wishes prolonging my injury, pain and suffering by not doing the surgery. Instead of repairing my hand by doing the surgery, and thus fixing the injury and ending my pain and suffering. I am requesting that I be sent to a different hospital and doctor so that I can get surgery to fix my hand and end my pain and suffering.

cc: file

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____  _____ DATE _____
            Print                                    Signature

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>*Medical Dept. Supervisor* | 2. Date:<br>*8/9/19* |
| 3. By: (Print Inmate Name and Number)<br>*Benjamin Cooper GE 0713*<br>*B C*<br>Inmate Signature | 4. Counselor's Name:<br>*Grey* |
| | 5. Unit Manager's Name:<br>*Strenkowski* |
| 6. Work Assignment:<br>*laundry* | 7. Housing Assignment:<br>*HB1019* |

8. Subject: State your request completely but briefly. Give details.

On 8/9/19, I was taken to Einstein Hospital near Kine of Prussia Mall. The doctor there said that because nearly 4 months had elapsed with my thumb broken and it healing disfigured, he did not feel comfortable doing the surgery so he wouldn't do it. He said that if I wanted surgery done that I would have to find a different doctor to do it.

I am requesting that I be sent to a different hospital and doctor so that I can get surgery to fix my hand and end my pain and suffering.

*cc: file*

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____ _____ DATE ____
Print            Signature

*7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips*      *Attachment 3-A*

# APPENDIX "F"

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
|---|
| GRIEVANCE NUMBER |

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MS. ORLANDO | S.C.I. PHOENIX | 12-7-19 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| BENJAMIN COOPER  GE-0213 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| S.C.I. LAUNDRY | F-A-1034 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I WENT OUT TO GET SURGERY ON 12-3-19 (TUESDAY) AT EINSTEIN HOSPITAL IN NORRIS TOWN. WHILE AT THE HOSPITAL THE DOCTOR TOLD ME THAT HE WAS PRESCRIBING PERCOCETS OF THE PAIN. UPON RETURNING TO THE MEDICAL DEPARTMENT AT SCI-PHOENIX THE NUSRE WHO WAS LOOKING THROUGH THE HOSPITAL'S NOTES AND ORDERS TOLD ME THAT THEY WOULD NOT BE GIVING ME ANY PERCOCETS ONLY TYLENOL 4S. THUS REFUSING TO OBEY HOSPITEAL ORDERS AGAIN WHEN IT COMES TO MY MEDICAL TREATMENT. I CONTEND THAT THE ONLY THING THAT THE TYLENOLS DO FOR ME TIRED TO TRHE POINT THAT I CAN SLEEP THROUGH THE PAIN BUT IT DOES NOTHING FOR THE ACTUAL PAIN. THIS REFUSAL OF THE HOSPITAL'S ORDERS TO GIVE ME THE PROPER MEDICAL TREATMENT IS PROLONGING MY PAIN AND SUFFERING. THIS IS A FORM OF RETALIATION BECAUSE OF PRIOR GRIEVANCES FILED AND PENDING CIVIL ACTION AGAINST THE INSTITUTION AND THE MEDICAL DEPARTMENT. THIS IS A VIOLATION OF MY *TH AMENDMENT RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENT. THE MEDICAL DEPARTMENT DOES GIVE OUT

B. List actions taken and staff you have contacted, before submitting this grievance.
NURSE JANE DOE

MEDICAL DEPARMENT STAFF MEMBERS

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    _____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**          **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

2 OF 2

AGAINST CRUEL AND UNUSUAL PUNISHMENT. THE MEDICAL

DEPARTMENT DOES GIVE OUT THIS MEDICATION,THEY ARE

SIMPLY REFUSING TO GIVE IT TO ME (EVEN THOUGH IT WAS

ORDERED BY THE HOSPITAL) TO PROLONG MY PAIN AND

SUFFERING. I CONTEND THAT I AM SEEKING $400,0O0.00 (FOUR

HUNDRED THOUSAND DOLLARS) IN COMPENSATORY DAMAGES.



# Initial Review Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

01/02/2020 09:27

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | F/A |
| Grievance #: | 838605 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Mr. Cooper you stated, "I went out to get surgery on 12-3-19 (Tuesday) at Einstein hospital in Norristown. while at the hospital the doctor told me that he was prescribing percocets of the pain. upon returning to the medical department at SCI PHX the nurse who was looking through the hospital's notes and orders told me that they would not be giving me any perccocets only Tylenol 4S. thus refusing to obey hospital orders again when it comes to my medical treatment. I contend that the only thing that the Tylenols do for me tired to the point that I can sleep through the pain but it does nothing for the actual pain. this refusal of the hospital's orders to give me the proper medical treatment is prolonging my pain and suffering".
As per Provider(s), you were seen on 12/3/2019 when you returned from a same-day procedure on left thumb corrective surgery. Outside hospital medical recommendations are reviewed by the facility providers and at their discretion would be ordered. You were provided with Tylenol. You received appropriate medical care.
Grievance denied. Any requested relief is denied.

| Signature: | |
|---|---|
| Name: | M Savage |
| Title: | |
| Approver: | K Owens KO |
| Date: | January 2, 2020 |

cc: Facility Grievance Coordinator
    DC-15

---

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-D

Issued: 1/26/2016  Effective: 2/16/2016

GE0213    Grievance #:838605

COOPER, BENJAMIN

Page 1 of 1

Benjamin Cooper GE-0213
SCI PHOENIX
1200 Mokychic Drive
Collegeville, PA 19426


Tammy Ferguson, Superintendant
SCI PHOENIX
12200 Mokychic Drive
Collegeville, PA 19426


GRIEVANCE APPEAL: 838605


On 1/2/20, my grievance was denied by K. Owens, citing that "you were seen
on 12/3/19 when you returned from a same-day procedure on left thumb
corrective surgery. Outside hospital medical recommendations are reviewed
by the facility providers and at their discretion would be ordered. You were
provided with Tylenol. You recieved appropriate medical care. Grievance
denied. Any requested relief is denied."

I contend that: 1) Dr. Jake T. Cummings spoke to the head of the medical
department personally and it was established then that I would get percocets
for the pain; 2) after the first time the jail denied me the medication that
the hospital ordered, the hospital ordered 800 mg for my pain and that too
was denied by the jail; that the jail gave me tylenol 4s, which is sufficient
for relieving moderate pain, not the type of pain that I was going through;
3) that the surgery to rebreak the bone in my thumb to fix it caused more
pain then the actual injury; 4) pre-surgery the tylenol 4s would have been
sufficient but post-surgery they are insufficient because of the level of
pain that I am in. As stated before I am seeking _____
_____Dollars.


_B_____

Benjamin Cooper

DATED: 1/10/20

cc: file
    lawyers
    family



# Facility Manager's Appeal Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

01/17/2020 01:49

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | F/A 1034-01 |
| Grievance #: | 838605 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you state your grievance was denied by K. Owens. You state Dr. Cummings spoke to the head of the medical department personally and it was established then that you were to get Percocet's for the pain. You state due to the level of pain you are in from having thumb surgery, Tylenol 4s are not sufficient. You are requesting the original relief.

Upon review of available information, I find the grievance officer's response appropriate. Your grievance was not denied by K. Owens, rather, it was denied by the assigned grievance officer. As indicated in the initial review response, all outside hospital medical recommendations are reviewed by the medical provider; it is at their discretion what medication is ordered.

Based on this information, I am upholding the decision of the grievance officer and denying your requested relief.

| Signature: | |
|---|---|
| Name: | Ferguson |
| Title: | Facility Manager |
| Date: | 1-17-2020 |

CC: DC-15
    File

---

DC-ADM 804, Inmate Grievance System Procedures Manual

**Section 2 - Appeals, Attachment 2-B**

GE0213    Grievance #:838605

COOPER, BENJAMIN

Issued: 1/26/2016  Effective: 2/16/2016

Benjamin Cooper GE - 0213
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426


Secretary's Office of
Inmate Grievances & Appeals
Pennsylvania Dept. of Corr.
1920 Technology Parkway
Mechanicsburg, PA 17050


Grievance Appeal No.: 838605

On 12/7/19, I filed a grievance stating that I was being denied the medications that the hospital ordered for post surgery pain in my left hand, that this was the second time the medical dept. denied me medications that a hospital ordered for my pain, that the denial of proper medical treatment in the eyes of the hospitals were forms of retaliation and violated my 8th Amendment Rights against cruel and unusual punishment. That the medical department does give out this medica medication but denied me of it to prolong my pain and suffering, and that I am seeking $400,000.00 (four hundred thousand dollars),

On 1/2/20, Ms. K. Owens denied my grievance stating that outside hospital recomendations are reviewed by the facility providers and at their discretion would be ordered. You were provided with tylenol. You received appropriate medical care.

On 1/10/20, I appealed to the facility manager stating that the doctor at the hospital spoke with the head of the medical department here at SCI Phoenix and it was established that I would receive percocets for the reconstructive surgery. That after the medical department denied me this the doctor at the hospital then ordered 800 mg of motrine for the pain and that too was denied by the medical department. That the tylenol may have been sufficient before the surgery but not after the surgery when the re-break would cause more pain than the actually injury.

On 1/17/20, my appeal was denied by the facility manager stating that the grievance officer's response was appropriate. That it was not denied by K. Owens (who signed it though she did no investigation into the matter, which is also fraud) but rather answered by an unnamed person.

I contend still, that SCI Phoenix's medical department denied me proper medical treatment by denying me the medication that the doctor (Jake T. Cummings) at Einstein Hospital ordered for me on two different occassions without proper reasoning. That they gave me what they wanted to give me which did not coincide with the standard for the proper medications after having the type of surgery that I had. That this constituted cruel and

unusual punishment and violated my 8th Amendment Rights. That
I am seeking $400,000.00 (four hundred thousand dollars) in
compensatory and emotional damages.


DATED: 1/31/20

Benjamin Cooper

# Grievance Referral
## (Notice to Inmate)

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050



02/20/2020 01:17

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| SCI Hosted: | Phoenix | Current SCI: | Phoenix |
| Grievance #: | 838605 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance noted above.  In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this Office has reviewed the documents submitted; including your initial grievance, the grievance officer's response, your appeal to the facility manager, the facility manager's response, and the issues you raised to final review.  Upon completion of this review, it is the determination of this Office to solicit input from an appropriate Central Office Bureau relative to the issue(s) raised in your grievance. Therefore, please be advised that the final review decision will be delayed pending review by the office to which it has been referred. Upon completion of this review, however, a determination will be made and you will be provided with a final appeal decision in writing.

**Action: Referral**

**Bureau/Office:**

• Health Care - Referral Date : 02/20/2020

| Signature: | *[signature]* |
|---|---|
| Name: | Dorina Varner |
| Title: | Chief Grievance Officer |
| Date: | 02/20/20 |

cc:  DC-15/Superintendent - Phoenix
Grievance Office



# Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

05/13/2020 09:03

| | | | |
|---|---|---|---|
| **Inmate Name:** | COOPER, BENJAMIN | **DOC #:** | GE0213 |
| **SCI Filed:** | Phoenix | **Current SCI:** | Phoenix |
| **Grievance #:** | 838605 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

**Decision:Uphold Response**

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

Staff at the Bureau of Health Care Services reviewed your concern of not being provided proper medical care. They have thoroughly reviewed your medical record and has determined that the medical care provided was reasonable and appropriate. Their findings concur with the initial review response.

Your attending practitioner makes these clinical decisions. You are encouraged to participate in your treatment plan and to discuss your concerns or changes of condition with a practitioner. They found no evidence of wrongdoing. Therefore, this office upholds the responses provided to you and your requested relief is denied.

| | |
|---|---|
| **Signature:** | *Keri Warner fm* |
| **Name:** | D. Varner |
| **Title:** | Chief Grievance Officer |
| **Date:** | 5/13/20 |

cc: DC-15/Superintendent - Phoenix
Grievance Office

---

Benjamin Cooper GE -- 0213
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

Secretary's Office of
Inmate Grievances & Appeals
Pennsylvania Dept. of Corr.
1920 Technology Parkway
Mechanicsburg, PA 17050

Grievance Appeal No.: 838605

On 12/7/19, I filed a grievance stating that I was ~~being~~
being denied the medications that the hospital ordered for post
surgery pain in my left hand, that this was the second time
the medical dept. denied me medications that a hospital ~~ordered~~
ordered for my pain, that the denial of proper medical treatment
in the eyes of the hospitals were forms of retaliation
                                                      and
violated ~~my~~ my 8th Amendment Rights against cruel and unusual
punishment. That the medical department does give out this medica
medication but denied me of it to prolong my pain and suffering,
and that I am seeking $400,000.00 (four hundred thousand dollars),

On 1/2/20, Ms. K. Owens ~~denied~~ denied my grievance ~~as~~
stating that outside hospital recomendations are reviewed by
the facility providers and at their discretion would be ordered.
You were provided with tylenol. You received appropriate medical
care.

On 1/10/20, I appealed to the facility manager stating that
the doctor at the hospital spoke with the head of the medical
department here at SCI Phoenix and it was established that I
would receive parcocets for the reconstructive surgery. That
after the medical department denied me this the doctor at the
hospital then ordered 800 mg of motrine for the pain and that
too was denied by the medical department. That the tylenol may
have been sufficient before the surgery but not after the surgery
when the re-break would cause more pain than the actually injury.

On 1/17/20, my appeal was denied by the facility manager
stating that the grievance officer's response was appropriate.
That it was not denied by K. Owens (who signed it though she
did no investigation into the matter, which is also fraud) but
rather answered by an unnamed person.

I contend still, that SCI Phoenix's medical department denied
me proper medical treatment by denying me the medication that
the doctor (Jake T. Cummings) at Einstein Hospital ordered for
me on two different occassions without proper reasoning. That
they gave me what they wanted to give me which did not coincide
with the standard for the proper medications after having the
type of surgery that I had. That this constituted cruel and

unusual punishment and violated my 8th Amendment Rights. That
I am seeking $400,000.00 (four hundred thousand dollars) in
compensatory and emotional damages.

DATED: 1/31/20

Benjamin Cooper

# APPENDIX "G"

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
8438660
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: Phoenix Phoenix | DATE: 12/31/19 12/31/19 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)  Benjamin Cooper GE-0213 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT:  Laundry | HOUSING ASSIGNMENT:  F-A 1034 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x.11" page). State all relief that you are seeking.

On 12/30/19, I spoke with Deputy Sipple in front of chow hall #1 about the medical department not giving me the pain medication that the hospital order for the pain in my hand after the surgery. The bone(s) in my hand had to be rebroken and shortened then set straight with pins to hold them together. I told her that Dr. Jake T. Cummings (of Einstein Medical) said that he spoke directly with Dr. Weiner (the head of the medical department at Phoenix) and it was established and confirmed that I would get percocets for the pain in my hand. But the jail ignored the hospital's orders along with Weiner's and refused to give it to me because of their intentional and deliberate neglect for me pain and suffering. Dr. Cummings, upon learning that Phoenix was refusing to give me the proper medication along with antibiotics had ordered, both, antibiotics for my hand and 800 mg of motrin for my pain. I told her that the jail gave me the antibiotics but not the pain medication. Deputy Sipple told me that she understand why they would would refuse me the 800 mg of motrin when they can order it without any problems. She said that the approval for ~~the percocets had to come from higher up~~ that the approval for the percocets had to come from higher up. DEputy Sipple's admission that both pain medications were

B. List actions taken and staff you have contacted, before submitting this grievance.

DEPUTY SIPPLE

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator                                    Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

Case 2:20-cv-04595-PD   Document 2   Filed 09/17/20   Page 65 of 108
2 of 2

available for my pain but that the medical department simply refused to give me the proper medical treatment using the medication that was ordered by the hospital strengthens the argument for intentional and deliberate medical neglect and a violation of my 8th Amendment Rights against Cruel and Unusual Punishment. Because of this knowing, intentional and deliberate refusal of proper medical treatment and leaving me in pain to suffer I am seeking $500,000.00 (five hundred thousand dollars) in compensatory damages.





**Rejection Form**

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

01/09/2020 11:24

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | F/A  1034·01 |
| Grievance #: | 843860 | | |

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", I have reviewed all documents provided as part of the grievance.  Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below:

| Rationale: |
|---|
| • The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior 838605. |
| • Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions. |

**Response:**

| Signature: | |
|---|---|
| Name: | K. Owens |
| Title: | Facility Grievance Coordinator |
| Date: | |

cc:   Facility Grievance Coordinator
      DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-C**          Issued: 1/26/2016  Effective: 2/16/2016

GE0213      Grievance #:843860

COOPER, BENJAMIN                                                      Page 1 of 1

## MEDICAL SICK CALL REQUEST

DATE: 12/31/19                 TIME: 12:00 pm

INMATE NAME: Ben Cooper   NUMBER: GE0213

HOUSING UNIT: FA1034

PROBLEM: I was told by the nurse at med pass that I no longer get pain medication, there was nothing ordered for me so I'm not getting anything. I am still in pain

_Ben Cooper_
INMATE SIGNATURE

I UNDERSTAND THAT THIS SICK CALL VISIT MAY BE SUBJECT TO THE FEES CONTAINED IN REGULATION 37 PA CODE § 93.12 ET. SEQ.

**PLACE THIS REQUEST FORM IN THE LOCKED MEDICAL BOX ON THE HOUSING UNIT.**

*\*\*PLEASE SIGN UP FOR ONLY ONE SICK CALL PER DAY - EITHER MEDICAL OR DENTAL.\*\**

APPENDIX B

---

## MEDICAL CO-PAY CASH SLIP

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS

### 1. REQUISITIONING INMATE

| INSTITUTIONAL NUMBER | LOCATION | DATE |
|---|---|---|
| GE0213 | FA1034 | 12/31/19 |

Inmate: Benjamin Cooper

### 2. ITEMS TO BE CHARGED TO MY ACCOUNT

☐ Sick Call ($5.00)

☐ Prescription # _____ ($5.00 Each)

☐ Self-Inflicted Injury ($5.00)

☐ Assaulted by # _____

☐ Sports Injury ($5.00)

☐ Sports Physical ($5.00)

☐ Other _____

Total Amount Charged $ _____

### 3. INMATE'S SIGNATURE          4. MEDICAL STAFF SIGNATURE

### 5. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED | DATE | BOOKKEEPER |
|---|---|---|
| | | |

Inmate should complete shaded areas prior to placing sick call slip in box.

APPENDIX B

| Form DC-135A  **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections  **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer) *Deputy Sipple* | 2. Date: *12/31/19* |
|---|---|

| 3. By: (Print Inmate Name and Number) *Benjamin Cooper GEO213* ____ *Inmate Signature* | 4. Counselor's Name: *Wentzel* |
|---|---|
| | 5. Unit Manager's Name: *Kelly* |

| 6. Work Assignment: *laundry* | 7. Housing Assignment: *FA103Y* |
|---|---|

8. Subject: State your request completely but briefly. Give details.

I spoke with you on 12/31/19 around lunch time in front of chow hall #1 about the medical department not giving me the medication that the doctor at Einstien Hospital ordered for my pain. It was initially percocets, then he ordered 800 mg of motrin. You said you don't know why they would refuse me that when they could just order it, and told me to send you a request slip.

After talking with you I learned through the nurse at the medication line that they were no longer giving me pain medication. Though they acknowledged I would be in pain for a while, I don't get why they are refusing me pain medication.

9. Response: (This Section for Staff Response Only)

To DC-14 CAR only ☐     To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME _____  _____ DATE _____
                          Print                          Signature

# APPENDIX "H"

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
_8/3 728_
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: Phoenix | DATE: 12/31/19 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Benjamin Cooper GrE0213 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: Laundry | HOUSING ASSIGNMENT: F-A 1034 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

on 12/30/19, I went to medication line around lunch time and I was refused pain medication for my hand. The nurse told me that there wasn't even an order for pain medication for me. I have dealing with the pains in my hand suffering for two weeks with no type of barrier for the and pain. This is cruel and unusual punishment and violates my 8th Amendment Rights. I am seeking the pain medication that the hospital actually ordered and three hundred thousand dollars ($300,000.00) for compensatory damages.

B. List actions taken and staff you have contacted, before submitting this grievance.

med line nurse
sick call doctor

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

Benjamin Cooper GE-0213
SCI Phoenix
1200 Mokychic Drive
Collegeville, Pa 19426

Superintendent Sorber
SCI Phoenix
1200 Mokychic Drive
Collegeville, Pa 19426

Re: Grievance no. 843738

My grievance was denied by Ms. K. Owens stating that "submit sickcall slip as needed toward wellnes, please be mindful to adhere to all medical treatments, plans of action and appointments." Also stated was that Tylenol Gelcap 500mg were active.

I contend that if an investigation had been done then Ms. Owens would have found out that there was no medication for me at that time. That the pain medication I was previously getting I had to go to medication line to get and that I was not on no other pain medications because I was not given no other pain medications and told not to mix the pain medication that they were giving me with anything else. The investigation would have shown her that I never get tylenol until about a week later when I went to sickcall for the 2nd time in that time span.

I contend that I had been taken up to 4 to 5 ibuprofens for the pain in my hand and medical knew this as well as Dr. Cummings (Einstien Hospital).

Dated: 2/18/20

Benjamin Cooper

1



# Initial Review Response
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

01/29/2020 07:58

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
| Facility: | Phoenix | Unit Location: | F/A \034-01 |
| Grievance #: | 843738 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Mr. Cooper you stated, "On 12-30-19 he went to medication line around lunch and was refused pain medication for his hand, nurse said there wasn't an order for pain medication".
Documentation indicates no active pain medication order for 12-30-2019.
Active:
(TYLENOL GELCAP) CAP 500MG, start date 01/14/2020 stop date 02/12/2020.

Inactive:
(TYLENOL/CODEINE #3) TAB 300-30MG
TAKE 1 TABLET(S) ORALLY TWICE DAILY, start date 12/11/2019 stop date 12/14/2019.
(TYLENOL/COD #4) TAB 300-60MG TAKE 1 TABLET(S) ORALLY THREE TIMES DAILY AS NEEDED FOR PAIN
start date 12/3/2019 stop date 12/9/2019.
IBUPROFEN (MOTRIN) TAB 600MG TAKE 1 TABLET(S) ORALLY THREE TIMES DAILY AS NEEDED
start date 12/13/2019 stop date 12/26/2019.
KETOROLAC SINGLE VIAL (TORADOL) INJ 30MG/ML INJECT 30 MILLIGRAM(S) INTRA-MUSCULARLY ONCE
DAILY
start date 12/11/2019 stop date 12/12/2019.
Grievance Denied.No monetary compensation granted.


Resolution: Submit sick call slip as neededtoward wellness, Please be mindful to adhere to all medical treatments, plans of action and appointments.

| Signature: | |
| Name: | M. Savage |
| Title: | |
| Approver: | K. Owens _KO_ |
| Date: | January 29, 2020 |

cc: Facility Grievance Coordinator
DC-15

# APPENDIX "I"

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>Ms. Wentzel  F-blk counselor | 2. Date: 12-6-19 |
|---|---|

| 3. By: (Print Inmate Name and Number)<br>Benjamin Cooper GE0213<br>B___ C___<br>Inmate Signature | 4. Counselor's Name:<br>Ms. Wentzel |
|---|---|
| | 5. Unit Manager's Name:<br>Mr. Kelly |

| 6. Work Assignment:<br>laundry | 7. Housing Assignment:<br>12-6-19  FA 1034 |
|---|---|

8. Subject: State your request completely but briefly. Give details.

I took my laundry bags to the laundry to get wash on 12-5-19 and it was left in a blue cart on the dirty side ~~~~~~~~~ after work was done. Security went to the laundry to search last night and took my 2 laundry bags that were in the blue cart.

| | |
|---|---|
| 3 pairs of brown shorts ~~~~~ 4XL | 1 4XL thermal pants |
| 3 5XL brown tee shirts | 2 wash rags |
| 4 4XL brown tee shirts | 2 3XL boxer briefs |
| 1 4XL sweat pants | 2 pairs of drawers 2XL |
| 2 laundry bags | 1 pair of 3XL boxers |

9. Response: (This Section for Staff Response Only)

Okay it is noted they took the bags when they are finished your items should be returned to you. I will forward this request to security.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____   _____   DATE 12-24-19
Print                                    Signature

# APPENDIX "J"

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR MS. ORLANDO | FACILITY: SCI-PHOENIX | DATE: 12/7/19 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) BENJAMIN COOPER GE- 0213 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: LAUNDRY | HOUSING ASSIGNMENT: FA-1034 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

on 12/5/19 I had two laundry bags in the laundry on the dirty side inside of a blue cart. That night security officers went searching through the laundry department. On the morning of 12/6/19, my supervisors (Evans and Poochie) and I went on the dirty side of the laundry so that I could retrieve my 2 laundry bags but my laundry was gone along with the cart that they were in. My supervisors (Evans, Poochie and Quintana) and I searched all of the offices and all three sides of the laundry department and my clothes were not there. There were tags on both of my bags that had straps on them that said "FA 1034-1" on them so that the security officers would have no problems finding out who the bags and clothes belonged to. The officers took my bags and clothes as an act of retaliation for grievancies filed and pending civil action against the institution which violates my constitutional rights and my 8th Amendment Rights against cruel and unusual punishment. The clothes that were taken are as follows: 3 pairs of brown shorts-$46.06 * 1 thermal pants-$5.23 * 3 5xL brown t-shirts-$25.59 * 4 4xL T-shirts-$28.60 * 2 wash

B. List actions taken and staff you have contacted, before submitting this grievance.

F - Block Counselor                    LT. P
Cap. Masselino
F - Block Unit Manager
Laundry Supervisors (Evans, Poochie and Quintana)

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____        _____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy        CANARY File Copy        PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-A*

12/4/19

2 OF 2

rags-$2.20 * 2 pairs of 3xL boxer briefs-$5.60 * 2 pairs of draws * 1 pair of 4xL sweat pants-$20.27 * 1 pair of 3xL boxers-$3.65 * 2 laundry bags-$7.58 * 3 pairs of crew socks-$2.67.

In compensatory damages I am seeking $500.00 (five hundred dollars), for retaliation I am seeking an aditional $1,000.00 (one thousand dollars), and no further retaliation in the form of harrassments, baseless misconducts, senseless cell searches and any and all other forms of tactics used by the security department and its officers.



# Initial Review Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

01/16/2020 03:38

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
| Facility: | Phoenix | Unit Location: | F / A 102302 |
| Grievance #: | 838600 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Mr. Cooper,

In your grievance, you explained that your laundry from F-Unit was left in the laundry area on 12/5/19 and that when you returned to that area on 12/6/19 that your laundry was missing and that you could not find it. You further alleged that Security staff confiscated your items even though your two bags were labeled with your housing assignment.

After reviewing your allegations, it was discovered that F-Unit's laundry is turned in and returned the same day, therefore it should not have been left in that area overnight.

It is the decision of this grievance officer to deny your allegations due to lack of probability or evidence.

| Signature: | |
| Name: | D. Bradley |
| Title: | |
| Approver: | G. Orlando |
| Date: | 1/16/2020 |

CC: Facility Grievance Coordinator
DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-D**     Issued: 1/26/2016 Effective: 2/16/2016

GE0213     Grievance #:838600

COOPER, BENJAMIN                                                      Page1 of 1



# Initial Review Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

01/16/2020 03:38

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | F / A |
| Grievance #: | 838600 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Grievance Denied**
It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Mr. Cooper,

In your grievance, you explained that your laundry from F-Unit was left in the laundry area on 12/5/19 and that when you returned to that area on 12/6/19 that your laundry was missing and that you could not find it. You further alleged that Security staff confiscated your items even though your two bags were labeled with your housing assignment.

After reviewing your allegations, it was discovered that F-Unit's laundry is turned in and returned the same day, therefore it should not have been left in that area overnight.

It is the decision of this grievance officer to deny your allegations due to lack of probability or evidence.

| Signature: | |
|---|---|
| Name: | D. Bradley |
| Title: | |
| Approver: | G. Orlando |
| Date: | 1/16/2020 |

CC: Facility Grievance Coordinator
DC-15



# Facility Manager's Appeal Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

02/11/2020 10:07

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | F/A 1639 |
| Grievance #: | 838600 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you state Ms. Orlando denied your grievance stating that after her review it was discovered that F-unit's laundry is turned in and returned the same day therefore it should never have been left in that area overnight. You state that F-unit's laundry is done on Monday's and that prior to surgery you were located on H-unit whose laundry is the same day. You state you asked Mr. Pucci if you could rewash your clothes because of the smell and that they were rewashed on 12/5/19 and placed in a bin so one of the workers could bring it back to the unit. You state that you and the supervisors looked for your clothes but could not find them and that security had searched the laundry that night taking your clothes. You state Counselor Wentzel was told and confirmed that security had your clothes. You state Ms. Orlando abused her power in disregarding your grievance as a waste of her time citing that the denial was due to lack of probability or evidence. You are requesting $1500.00 in compensatory and retaliation damages.

I have reviewed available information and will advise you that Ms. Orlando did not deny your grievance, rather the grievance officer, Deputy Bradley, denied your grievance. I will also advise you that Monday is the designated laundry day for your housing unit; you are to follow the laundry schedule and instructions that are posted on your housing unit. In your appeal you state there was an attached exhibit 1 which would confirm that Counselor Wentzel had confirmation, however, there was no exhibit provided. In speaking with your unit team, they cannot confirm that security had your clothes. The security department did not conduct a search in the laundry on the date in question. Furthermore, per the Housing Unit rules in the Inmate Handbook, #9 reads," You are responsible for the personal property in your possession. The facility is not responsible for articles lost, stolen, or damaged, unless the accidental damage is the result of negligent staff actions." The institution is not responsible for replacing personal items submitted to the laundry for laundering.

Based on this information, I am denying your grievance. Your requested relief is also denied.



# Facility Manager's Appeal Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

02/11/2020 10:07

| Signature: | |
|---|---|
| Name | Sorber |
| Title: | Facility Manager |
| Date: | |

CC: DC-15
File

Benjamin Cooper GE-0213
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

Tammy Ferguson, superintendant
SCI Phoenix
1200 Mokychic DRive
Collegeville, PA 19426

Grievance Appeal No.: 838600

On 12/7/19, I filed a grievance stating that I had two
laundry bags in the laundry Dept. on the dirty side, inside
of a blue cart on the 5th (two days before). That security went
inside of the laundry dept. searching and took my bags along
with the cart, that 3 supervisors and myself searched the whole
department and could not find them, that both bags had tags
indicating that they were mine. A list was presented with the
commissary prices.
    On 1/16/20, Ms. G. Orlando denied my grievance stating that
after her review it was discovered that F-Unit's laundry is
turned in and returned that same day therefore it should never
have been left in that area overnight.
    I contend that: 1) F-Unit's laundry is done on Mondays;
2) that prior to surgery I was located on H-Unit, whose laundry
is also the same day. The surgery was on that tuesday; 3) that
my laundry was damp and kept in a bin on H-Unit in a closet
from Monday to Wednesday so when I retrieved it it had a smell;
4) that I asked laundry supervisor Poochie if my clothes could
be rewashed because of the smell and he said yes; 5) that on
12/5/19, my clothes were rewashed and placed in a bin so that
one of the workers who were on my new block (F-Unit) could bring
it back but he forgot; 6) that security searched the laundry
that night and took my clothes; 7) That me and my supervisors
searched the laundry for my clothes but could not find them;
8) that counselor Wentzel was told and has confirmed that se
security has my clothes (see attached exhibit 1); 9) that the
reasons for the denial of my grievance falls short and is
insufficient and shows that no investigation was conducted by
Ms. Orlando; 10) that Ms. Orlando only abused her power in
disregarding my grievance as a waste of her time citing that
the denial was due to a lack of probability or evidence. When
a simple investigation (e.g. talking to my supervisors, U/M
kelly or Counselor Wentzel would have resulted a different
outcome; 11) that I am seeking #1500.00 (fifteen hundred dollars)
in compensatory and retaliation damages.

DATED: 1/30/20

Benjamin Cooper
cc: file
    family
    lawyer

Benjamin Cooper GE-0213
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

Tammy Ferguson, superintendant
SCI Phoenix
1200 Mokychic DRive
Collegeville, PA 19426

Grievance Appeal No.: 838600

On 12/7/19, I filed a grievance stating that I had two
laundry bags in the laundry Dept. on the dirty side, inside
of a blue cart on the 5th (two days before). That security went
inside of the laundry dept. searching and took my bags along
with the cart, that 3 supervisors and myself searched the whole
department and could not find them, that both bags had tags
indicating that they were mine. A list was presented with the
commissary prices.
On 1/16/20, Ms. G. Orlando denied my grievance stating that
after her review it was discovered that F-Unit's laundry is
turned in and returned that same day therefore it should never
have been left in that area overnight.
I contend that: 1) F-Unit's laundry is done on Mondays;
2) that prior to surgery I was located on H-Unit, whose laundry
is also the same day. The surgery was on that tuesday; 3) that
my laundry was damp and kept in a bin on H-Unit in a closet
from Monday to Wednesday so when I retrieved it it had a smell;
4) that I asked laundry supervisor Poochie if my clothes could
be rewashed because of the smell and he said yes; 5) that on
12/5/19, my clothes were rewashed and placed in a bin so that
one of the workers who were on my new block (F-Unit) could bring
it back but he forgot; 6) that security searched the laundry
that night and took my clothes; 7) That me and my supervisors
searched the laundry for my clothes but could not find them;
8) that counselor Wentzel was told and has confirmed that se
security has my clothes (see attached exhibit 1); 9) that the
reasons for the denial of my grievance falls short and is
insufficient and shows that no investigation was conducted by
Ms. Orlando; 10) that Ms. Orlando only abused her power in
disregarding my grievance as a waste of her time citing that
the denial was due to a lack of probability or evidence. When
a simple investigation (e.g. talking to my supervisors, U/M
kelly or Counselor Wentzel would have resulted a different
outcome; 11) that I am seeking #1500.00 (fifteen hundred dollars)
in compensatory and retaliation damages.

DATED: 1/30/20

Benjamin Cooper
cc: File
Family

Benjamin Cooper GE-0213
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

Tammy Ferguson, superintendant
SCI Phoenix
1200 Mokychic DRive
Collegeville, PA 19426

Grievance Appeal No.: 838600

On 12/7/19, I filed a grievance stating that I had two
laundry bags in the laundry Dept. on the dirty side, inside
of a blue cart on the 5th (two days before). That security went
inside of the laundry dept. searching and took my bags along
with the cart, that 3 supervisors and myself searched the whole
department and could not find them, that both bags had tags
indicating that they were mine. A list was presented with the
commissary prices.

On 1/16/20, Ms. G. Orlando denied my grievance stating that
after her review it was discovered that F-Unit's laundry is
turned in and returned that same day therefore it should never
have been left in that area overnight.

I contend that: 1) F-Unit's laundry is done on Mondays;
2) that prior to surgery I was located on H-Unit, whose laundry
is also the same day. The surgery was on that tuesday; 3) that
my laundry was damp and kept in a bin on H-Unit in a closet
from Monday to Wednesday so when I retrieved it it had a smell;
4) that I asked laundry supervisor Poochie if my clothes could
be rewashed because of the smell and he said yes; 5) that on
12/5/19, my clothes were rewashed and placed in a bin so that
one of the workers who were on my new block (F-Unit) could bring
it back but he forgot; 6) that security searched the laundry
that night and took my clothes; 7) That me and my supervisors
searched the laundry for my clothes but could not find them;
8) that counselor Wentzel was told and has confirmed that se
security has my clothes (see attached exhibit 1); 9) that the
reasons for the denial of my grievance falls short and is
insufficient and shows that no investigation was conducted by
Ms. Orlando; 10) that Ms. Orlando only abused her power in
disregarding my grievance as a waste of her time citing that
the denial was due to a lack of probability or evidence. When
a simple investigation (e.g. talking to my supervisors, U/M
kelly or Counselor Wentzel would have resulted a different
outcome; 11) that I am seeking #1500.00 (fifteen hundred dollars)
in compensatory and retaliation damages.

DATED: 1/30/20

Benjamin Cooper
cc: file.
family
lawyer

# APPENDIX "K"

**NOTIFICATION OF**
**INMATE RELEASED FROM**
**WORK ASSIGNMENT**

Issued by: Inmate Employment Office

You are being released from

Current work assignment _West CF Laundry_

Effective: _4/10/20_

as a result of reason listed below:

☐ Education – Academic/Vocational Enrollment

☐ Education – Non-Compliant with Mandated Educational Programming

☐ Housing Change

☐ Job Change

☒ Medical Restrictions/Limitations

☐ Misconduct Sanction via Hearing Examiner or Informal Resolution

☐ TC Placement

☐ Unit Team Action

☐ 2M/2R Placement

☐ Other:

Inmate #:

# GE0213

Commit Name:

## COOPER, Benjamin

_F#1034_

Photo Date: 2/27/2019

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1.   To: (Name and Title of Officer)<br>*medical dept.* | 2.   Date:<br>*5/12/20* |
|---|---|

RECEIVED
MAY 15 2020
Medical Department

| 3.   By: (Print Inmate Name and Number)<br>*Benjamin Cooper GE0213*<br><br>*B--C--*<br>_____Inmate Signature_____ | 4.   Counselor's Name:<br>*Wentzel* |
|---|---|
| | 5.   Unit Manager's Name:<br>*Kelly* |

| 6.   Work Assignment:   *NA* | 7.   Housing Assignment:<br>*FA1034* |
|---|---|

8.   Subject: State your request completely but briefly. Give details.

*On 5/12/20, I recieved a notice from Ms. K. Owens stating that effective 4/10/20 there were specific medical restrictions entered by the medical dept. into the DOCNET and along with them was a indication for removal from the work assignment in the CI-laundry. I was cleared to return to work in the beginning of March. Do you know what is going on?*

*1) there should be no new medical restrictions or notes for removal from work*
*2) I have been working in the CI-laundry since it opened up*

9.   Response: (This Section for Staff Response Only)

*Employment and Housing restrictions are in both Cenifili systems*
*Job Related concerns contact your Counselor and/or Unit Manager*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____ **M. Savage, RNS** _____ 
_____ Print _____   _____ Signature _____   DATE   MAY 18 2020

| Form DC-135A **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer) Deputy Sipple | 2. Date: 5/12/20 |
|---|---|
| 3. By: (Print Inmate Name and Number) Benjamin Cooper GE0213 ___B_____C___ Inmate Signature | 4. Counselor's Name: Wentzel |
| | 5. Unit Manager's Name: Kelly |
| 6. Work Assignment: NA | 7. Housing Assignment: FA1034 |

8. Subject: State your request completely but briefly. Give details.

On 5/12/20, I recieved a notice from Ms. K. Owens stating that ~~as~~ effective 4/10/20 there were specific medical restrictions entered by the medical dept. Into the DOCNET and along with them ~~was~~ a Indication for removal from the work assignment in the CI-laundry. I was cleared to return to work in the beginning of March. Do you know what is going on?

1) there should have been no new restrictions or notes for removal
2) I have been working in the CI-laundry since it opened up

9. Response: (This Section for Staff Response Only)

forwarded via email this day

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME ___Wentzel___ Print   ___[Signature]___ Signature   DATE 5/12/20

| Form DC-135A **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

1. To: (Name and Title of Officer)
*Medical Department*

2. Date: *5/12/20*

3. By: (Print Inmate Name and Number)
*Benjamin Cooper GE0213*
*B_____* Inmate Signature

4. Counselor's Name: *Wentzel*

5. Unit Manager's Name: *Kelly*

6. Work Assignment: *NA*

7. Housing Assignment: *FA 1034*

8. Subject: State your request completely but briefly. Give details.

On 5/12/20, I received a notice from K. Owens (grievance coordinator) stating that on 4/10/20 there were specific medical restrictions entered by the medical dept. into my records and/or DOCNET, and that these along with these restrictions the medical dept. indicated a need to remove me from my work assignment in the CI-laundry. Do you know what she's talking about?

1) There should have been no new restrictions put in on me; and 2) I have been working in the CI-laundry since it opened up with out risk or injury; 3) there are a lot of work assignments that are not dangerous in any way for anybody.

9. Response: (This Section for Staff Response Only)

*Forwarded via email this day*

To DC-14 CAR only ☐

To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME _____ Print _____ Signature _____ DATE 5/12/20

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

*RECEIVED MAY 1 3 2020 Medical Department*

1. To: (Name and Title of Officer) Medical Department
2. Date: 5/12/20
3. By: (Print Inmate Name and Number) Benjamin Cooper Q. E0213
   Inmate Signature: B.
4. Counselor's Name: Wentzel
5. Unit Manager's Name: Kelly
6. Work Assignment: N/A
7. Housing Assignment: FA 1034

8. Subject: State your request completely but briefly. Give details.

On 5/12/20, I received a notice from K. Owens (grievance coordinator) stating that on 4/10/20 there were specific medical restrictions entered by the medical dept. into my records and/or DOCNET, and that these along with these restrictions the medical dept. indicated a need to remove me from my work assignment in the CI-laundry. Do you know what she's talking about?

1) There should have been no new restrictions put on me; and 2) I have been working in the CI-laundry since it opened up with out risk or injury; 3) there are a lot of work assignments that are not dangerous in any way for anybody.

9. Response: (This Section for Staff Response Only)

In reviewing your record the orthopedics said you could return to work as long as you are not lifting. The CI-Laundry requires lifting therefor our provider placed the work restriction on 3/26/20. Place sick call if you need to review this restriction with medical.

To DC-14 CAR only ☑     To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME **B. Huner, CHCA PHV**  Print   Signature   DATE 5/13/20

# APPENDIX "L"

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
| --- |
| 8606 416 |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: Phoenix | DATE: 4/19/20 |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) Benjamin Cooper GE0213 | SIGNATURE OF INMATE: B--- C--- | |
| WORK ASSIGNMENT: laundry | HOUSING ASSIGNMENT: F-A1034 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of
   staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 4/16/20 @ 1:47pm I recieved a notice from inmate employment that
effective 4/10/20 I was being removed from my job in the laundry because
of my medical restrictions. but I have no medical restrictions but for
my seizures and that was never a problem before. Also, I am not the
only inmate working in the laundry who has seizures and thus, the
same medical restrictions. However, I am the only one being fired.
The medical restrictions on my left hand from surgery on 12/3/19 were all
lifted and I was cleared to go back to work on 4/1/20 so I know that is not
because of that. I feel as if I am being targeted and retaliated against
for prior grievances filed and pending lawsuit against the institution.
I seeking to have my job back and reimbursed for money
owed.

B. List actions taken and staff you have contacted, before submitting this grievance.

laundry supervisor Hollohan
Counselor Wentzel
U/M Kelly

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-A*



# Facility Manager's Appeal Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

05/29/2020 08:14

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | F/A 1034 |
| Grievance #: | 866416 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you state your grievance was denied citing that medical restrictions were entered into the computer on 4/10/2020. You state the "no lifting" restrictions were put in by the orthopedic immediately after your surgery. You state more than 3-months later, the restrictions were lifted and you were cleared to return to work. You state there was no reason for the medical provider to reinstate the no lifting restriction and take your job except to target you and as retaliation for prior grievances filed and pending law suits against the institution.

Upon review of available information, I find the grievance officer's response appropriate. I have reviewed the request slip you attached to the appeal, and as indicated in the response, you would need to submit a sick call if you needed to review the restriction with medical. You were not targeted or retaliated against; you were placed on GLP due to the medical restrictions. There is nothing further to add.

Based on this information, I am upholding the decision of the grievance officer. Requested relief is denied.

| Signature: | |
|---|---|
| Name | K. Sorber |
| Title: | Facility Manager |
| Date: | |

CC: DC-15
File

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-B**                    Issued: 1/26/2016 Effective: 2/16/2016

GE0213    Grievance #:866416

COOPER, BENJAMIN                                                                Page1 of 1



# Initial Review Response

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

05/07/2020 03:07

| Inmate Name: | COOPER, BENJAMIN | DOC #: | GE0213 |
|---|---|---|---|
| Facility: | Phoenix | Unit Location: | F/A 1034-01 |
| Grievance #: | 866416 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

In your grievance you state that on 4/16/20 you received a notice from Inmate Employment that effective 4/10/20 you were being removed from your job in the laundry because of your medical restrictions. You also state you have no medical restrictions but for your seizures and that was never a problem before.

Effective 4/10/20 there were specific medical restrictions entered by the medical department into DOCNET. ALL medical restrictions entered are reviewed daily by my office in conjunction with the current work assignment of the individual with the restrictions to ensure his/her safety as well as the institution. Unfortunately the medical restrictions entered by the Medical Department would indicate a need for removal from the work assignment in the CI Laundry for you as it could potentially put you at risk of injury.

If you feel this is inaccurate information you always have the right to request to be seen by the Medical Department for further review of your health and wellbeing.

You go on to state that you are not the only one with seizures but yet you are the only one being fired.

You were not fired, you were removed and placed on GLP giving you the opportunity to seek other employment with consideration to your medical restrictions issued by the Medical Department. I do not have direct access to your medical file or information privy to why specific medical restrictions are placed on you by the medical professionals. So therefore there would be no way of me to know the purpose of these medical restrictions listed for you or the unknown individual you refer to in that statement.

You also state that you feel you are being targeted and retaliated against for prior grievances filed and pending lawsuit against the institution.

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-D**          Issued: 1/26/2016  Effective: 2/16/2016

GE0213    Grievance #: 866416

COOPER, BENJAMIN                                                                 Page 1 of 2



## Initial Review Response
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

05/07/2020 03:07

The SCI Phoenix Inmate Employment Office is responsible to ensure that the health, safety and well-being of every individual is taken into consideration when placing or reviewing them for work assignment whether new or retention due to medical or custody related concerns.  I take my position as a Correctional Professional very seriously when conducting business as it relates to care, custody and control.

This grievance is denied based on the fact that removal from the work assignment in CI Laundry was directly made by the entry of medical restrictions entered by the Medical Department into the DOCNET system.  Those medical restrictions indicated would indicate that the current work assignment could potentially put you at risk of injury while completing the work duties in this area.

| Signature: | |
|---|---|
| Name: | M. Delliponti |
| Title: | |
| Approver: | K. Owens |
| Date: | May 7, 2020 |

CC: Facility Grievance Coordinator
DC-15

## INMATE APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| GE0213 | Benjamin Cooper | FA 1034 | 5/24/20 | 866416 |

I received my initial response from the Grievance Office/Coordinator on 5 7 20 and have the following appeal issues,

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

I filed a grievance, contending that I recieved a notice form inmate employment that stated as of 4/10/20 I was being removed from my job because of new restrictions that were put in by medical. My grievance was denied citing effective 4/10/20 there were specific medical restrictions entered by the medical department into DOCNET...the medical restrictions entered by the medical dept. would indicate a need for removal from the work assignment. Exhibit "A" (a request slip to medical dept.) under response states "...the Ortho said you could return to work as long as you are not lifting, the laundry requires lifting therefore our provider placed the work restrictions on 3/26/20.

I contend that the no lifting restrictions were put in by the Ortho immediately after my surgery. More than 3 months later and well into physical therapy the restrictions were lifted and I was cleared to return to work. There was no reason for the medical provider to double back and re-instate the no lifting restrictions and take my job accept to target me and as retaliation for prior grievances filed and pending law suits against the institution.

The physical therapist felt as though I was ready to go back to work.

INMATE SIGNATURE: _____

DC-ADM 804, Inmate Grievance System Procedures Manual
Section 2 – Appeals                    Attachment 2-A
Issued: 1/26/2016
Effective: 2/16/2016

Benjamin Cooper GE0213
P.O.Box 33028
St. Petersburg, FL 33733


Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Dept. of Corrections
1920 Technology Pkwy.
Mechanicsburg, PA 17050


RE:    Grievance Appeal No. 866416


To Whom It May Concern

I filed a grievance contending that I received a notice from inmate employment that stated as of 4/10/20 I was being removed from my job because of new restrictions that were put in by medical.

My grievance was denied citing that effective 4/10/20 there were specific medical restrictions entered by the medical department into DOCNET...the medical restrictions entered by the medical dept. indicated a need to remove me from my work assignment. See exhibit "A" (the notice from inmate employment) and "B" (a request slip from the medical dept.). Under response exhibit "B" states "...the ortho said you could return to work as long as you are not lifting, the laundry requires lifting therefore our provider placed the work restrictions on 3/26/20".

I contended that the "no lifting" order from the ortho was given in December 2019 right after the surgery. That more than three months had passed in which I was well into physical therapy. That based on recommendations from the physical therapist and the medical dept. all restrictions concerning my hand were lifted and I was cleared to go back to work. That there was no reason for the medical provider to re-place the "no lifting" restrictions back on and take my job but for retaliation for prior grievances filed against the medical dept. and pending lawsuits against the

institution.

       An investigation (via the physical therapist, and two sick call doctors) showed that there was never a need for the restrictions to be reinstated.
As a result I am seeking missed wages, my job back and $2500 (two thousand-five hundred dollars) for retaliatory actions and punitive and compensatory damages.

Filed by

Dated: 6/10/20



# Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

08/06/2020 10:11

| | | | |
|---|---|---|---|
| **Inmate Name:** | COOPER, BENJAMIN | **DOC #:** | GE0213 |
| **SCI Filed:** | Phoenix | **Current SCI:** | Phoenix |
| **Grievance #:** | 866416 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office.  As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

### Decision:Uphold Response

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

### Response:

In this grievance, you indicate that on 4/16/20, you received a notice from Inmate Employment indicating that effective 4/10/20 you were being removed from your job in Laundry due to your medical restrictions. You indicate that you have no medical restrictions but for your seizures and that was never a problem before. You indicate that you are not the only inmate working in laundry who has seizures; however, you are the only on being fired. You indicate that the medical restrictions you had from your surgery on 12/3/19 were lifted  and you were cleared to go back to work on 4/1/20.  You feel that you are being targeted and retaliated against for prior grievances you filed as well as for a pending lawsuit against the facility.  For relief, you request to receive your job back and reimbursed for money owed.

This office finds the responses provided to you thoroughly and appropriately addressed your concerns.  The reason from you being removed from laundry was explained to you and if you have any concerns with the restrictions placed on you, you are encouraged to sign up for sick call to address your concerns with a provider.  You provide this office with no additional information or evidence to support your claims of retaliation.  Therefore, this office upholds the responses provided to you and your requested relief is denied.

| | |
|---|---|
| **Signature:** | *Keri Moore for* |
| **Name:** | D. Varner |
| **Title:** | Chief Grievance Officer |
| **Date:** | 8/6/20 |

CC: DC-15/Superintendent - Phoenix
Grievance Office

---

APPENDIX "M"

| Form DC-135A | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>Medical Department | 2. Date:<br>5/12/20 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Benjamin Cooper G E0213<br><br>Inmate Signature | 4. Counselor's Name:<br>Wentzel |
| | 5. Unit Manager's Name:<br>Kelly |
| 6. Work Assignment:<br>NA | 7. Housing Assignment:<br>FA 1034 |

*RECEIVED MAY 13 2020 Medical Department*

8. Subject: State your request completely but briefly. Give details.

On 5/12/20, I received a notice from K. Owens (grievance coordinator) stating that on 4/10/20 there were specific medical restrictions entered by the medical dept. into my records and/or DOCNET; and that these along with these restrictions the medical dept. indicated a need to remove me from my work assignment in the CI-laundry. Do you know what she's talking about?

1) There should have been no (new) restrictions put in on me; and 2) I have been working in the CI-laundry since it opened up with out risk or injury; 3) there are a lot of work assignments that are not dangerous in any way for anybody.

9. Response: (This Section for Staff Response Only)

In reviewing your record the orthopedics said you could return to work as long as you are not lifting. The CI-laundry requires lifting therefor our provider placed the work restriction on 3/26/20. Place sick call if you need to review this restriction with medical.

To DC-14 CAR only ☑    To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME ___ **B. Huner, CHCA PHV** ___   ___ Signature ___   DATE 5/13/20
Print

APPENDIX "N"

| Form DC-135A **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections |
|---|---|

INSTRUCTIONS

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

**RECEIVED BY**

| 1. To: (Name and Title of Officer) *Ms Delaponte  inmate employment* | 2. Date: *6/9/20* | JUN 1 1 2020 |
|---|---|---|

**INMATE EMPLOYMENT OFFICE**

| 3. By: (Print Inmate Name and Number) *Benjamin Cooper GE0213* *Inmate Signature* | 4. Counselor's Name: *NA* |
|---|---|
| | 5. Unit Manager's Name: *NA* |

| 6. Work Assignment: *NA* | 7. Housing Assignment: *FA 1034* |
|---|---|

8. Subject: State your request completely but briefly. Give details.

*You sent me a notification taking my job in the laundry as a result of medical restrictions / limitations which became effective on 4/10/20. But I was cleared to return to work on 4/1/20 per medical and the physical therapist.*
*Per sick call doctors (2) I have no restrictions or limitations stopping me from working in the laundry. All restrictions from the surgery on my hand had been removed prior to April of 2020.*
*I was told by C.I - laundry supervisors to contact you to get my job back since it was your office that took it.*
*I thank you for your time and await your response.*

*cc: file*

9. Response: (This Section for Staff Response Only)

*As of today Restrictions are still listed in System for you.*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

| STAFF MEMBER NAME _____ Print | *SBCo* Signature | DATE *6/12/20* |
|---|---|---|

NOM

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>Deputy Sipple | 2. Date:<br>6/25/20 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Benjamin Cooper GZE0213<br><br>B————C—<br>Inmate Signature | 4. Counselor's Name:<br>N/A |
| | 5. Unit Manager's Name:<br>N/A |
| 6. Work Assignment:<br>N/A | 7. Housing Assignment:<br>FA 1034 |

RECEIVED
JUN 29 REC'D
DEPUTY SUPERINTENDENT
FOR CENTRALIZED SERVICES

8. Subject: State your request completely but briefly. Give details.

It was explained and shown to Ms. Dellaponte that there was no "No Lifting" restriction in my medical chart so my job was should have not been taken. It was also explained to her that I have not been paid for April up to now.

Ms. Dellaponti refused to acknowledge the fact that I was right about the "No Lifting" restriction, my job and the pay, and instead brought up my other restrictions to try to validate her taking my job. As you know there are multiple jobs in the laundry like the folding tables and linen counters and janitors that don't require heights or working around moving machines.

My job was unjustly taken and I have not been paid anything for April, May and June going into July. This shows itself more and more as retaliation for prior grievances and lifted and pending lawsuits against the institution.

cc: file

9. Response: (This Section for Staff Response Only)

Your lifting restriction was removed but not that for working around moving machines. And work in laundry with that restriction. You are paid B47⁸⁸ for April or 36. and

To DC-14 CAR only ☐        To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME _____        DATE _____

Conose 2016.                 Sipple        7/2
Print                          Signature

*7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips*        *Attachment 3-A*

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
Deputy Sipple

2. Date: 6/16/20

3. By: (Print Inmate Name and Number)
Benjamin Cooper GE0213

~~B         C~~
Inmate Signature

4. Counselor's Name:
NA

5. Unit Manager's Name:
NA

RECEIVED
JUN 2 2 REC'D
DEPUTY SUPERINTENDENT
FOR CENTRALIZED SERVICES

6. Work Assignment:
NA

7. Housing Assignment:
FA1034

8. Subject: State your request completely but briefly. Give details.

Inmate employment took my job in the laundry as a result of medical restrictions allegedly entered on 3/26/20 ("No Lifting") which became effective on 4/10/20. However, I was cleared to return to work on 4/1/20 per the physical therapist and medical dept. see attached document.

Speaking to 2 different doctors and the physical therapist it was established that 1) I should not have a "No Lifting" restriction and be able to work; and 2) there is no "No Lifting" restriction in my medical chart so my job should have never been taken. Per the doctors and therapist I only have 4 restrictions: 1) bottom bunk status; 2) bottom level status; 3) no working from heights; and 4) no working around moving machines. They said none of these warrant my job being taken and/or me being fired.

Can I please have my job back and be paid from April up till now

9. Response: (This Section for Staff Response Only)

The "no lifting" restriction has

been removed.

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME _____     _____     DATE 6/20
                              Print                          Signature

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
Ms. Delaponte  Inmate employment

2. Date: 6/16/20

**RECEIVED BY**
JUN 18 2020
INMATE EMPLOYMENT OFFICE

3. By: (Print Inmate Name and Number)
Benjamin Cooper GE0213

Inmate Signature

4. Counselor's Name:
NA

5. Unit Manager's Name:
NA

6. Work Assignment:
NA

7. Housing Assignment:
FA 1034

8. Subject: State your request completely but briefly. Give details.

you sent me a notification taking my job in the laundry as a result of medical restrictions allegedly entered on 3/26/20 ("no lifting") which became effective on 4/10/20. However I was cleared to return to work on 4/1/20 per medical and the physical therapist, see exhibit attached. only
On 5/12/20 I recieved certification that my job was taken because of a "No Lifting" work restriction from the medical department.
Speaking to the physical therapist and 2 different sick call doctors it was established that I should not have a "No Lifting" restriction and be able to work; and that there is no "No Lifting" restriction in my medical chart so my job should have never been taken. Per the doctors and therapist I have 4 restrictions: 1) bottom bunk status; 2) bottom tier status; 3) no working in heights; and 4) no working around moving machines. Per the therapist and doctors none of these warrants me being fired and/or my job being taken.
Can I have my job back and be paid from April up until now.

cc: file

9. Response: (This Section for Staff Response Only)

The restrictions of No work at height elevrations could pertain to work in Laundry and the restriction of NO work around moving machines definitely pertains to the laundry / operations

To DC-14 CAR only ☐

To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME _____ _____ DATE _____
Print                                 Signature

B. Cooper
GE-0213
P.O. Box 244
Collegeville, PA 19426

James L
Office o
United Stat
Room 2609
Phila, P



Byrne J.S. Courthouse
? the Clerk, EDP
3 District Court
601 Market Street
A 19108

PRIORITY MAIL ★
TRACKED ★★★ INSURED
RIORITY MAIL ★
TRACKED ★★★ INSURED

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
09/15/2020
US POSTAGE $008.25°
ZIP 19426
041M 2252211
PRIORITY MAIL